### EDWARD C. HAWKS *vs.* INHABITANTS OF CHARLEMONT.

A town which has duly chosen surveyors of highways may nevertheless authorize the selectmen to enter into contracts for making or repairing the highways under the Gen. Sts. c. 44, § 11.

A town in which the highways and bridges had been injured by a freshet voted that the selectmen be its agents to repair them. Acting in execution of the purpose of the vote, the selectmen, by their servants, entered a close without the consent of its owner, and took away stone from it to repair a bridge, and by removing the stone exposed part of the close to be washed away by a river. *Held*, that the town was liable in tort to the owner of the close.

TORT. The declaration alleged that the defendants by their agents and servants forcibly entered part of the plaintiff's farm in Charlemont, which adjoined the Deerfield River, and tore up the soil, and took and carried away a large quantity of stone and converted it to their use, and in consequence of the removal of the stone the river washed away part of the plaintiff's land, and the rest of it was exposed to similar injury from the river. The defendants answered with a general denial; and set up further, that if the plaintiff should prove that stone was taken from his farm it was not taken in pursuance of any direction, employment or authority of the defendants; that his farm adjoined a public way and bridge, and any acts that were done were for the pur-

pose of securing and protecting the bridge, and in the opinion of the selectmen it was necessary to take and use the stone for that purpose. Trial in the superior court before *Lord*, J., who by agreement of the parties withdrew the case from the jury and made a report thereof, of which the following are the material parts :

" To prove his action, the plaintiff offered to show that by an unprecedented freshet, which occurred October 4, 1869, the roads and bridges in Charlemont were greatly damaged and many of the bridges swept away, and thereafter, at a town meeting duly called and held prior to the acts complained of, it was voted that ' the selectmen be the agents of the town to repair the highways and bridges at the present time, and that they be empowered to appoint such agents to rebuild certain bridges as they think best' ; that thereafter, under the employment of the selectmen, various men with teams, against the protest of the plaintiff, were for two or three weeks engaged in drawing stone from the plaintiff's land as aforesaid, that it might be used in the repair of an abutment and pier of a bridge over said river and in said town of Charlemont, carrying away a very large quantity of stone and other materials from his land situate along the bank of the Deerfield River, which forms the northerly boundary of his farm, and not only doing damage to his land by carting over it, cutting it up, and carrying material from his land which was in itself of value, but also, by removing the stone from the bank of the river and from near the water's edge, destroying the protection which was necessary for the security of his meadow land adjacent to the river ; that already, in consequence of the acts complained of, the meadow land has been deluged and washed and injured, and is still exposed to greater injury from the same cause, none of which would have occurred were it not for the trespasses complained of ; that all said acts were done with the knowledge of a majority of the board of selectmen, openly and in one of the most public places in the town, and known to be without the consent of the plaintiff ; that under the same vote, and near the same time, materials for repairing the highways and bridges in the town had been taken by order of the selectmen and without the consent of

the owners, and the town by the selectmen had paid their claims for damages, and these payments had been sanctioned by the town at a regular town meeting, and one of the claims of a like char- acter had been paid to the plaintiff; that the bills of labor of all those who were employed in these acts of trespass had been paid by the selectmen in full, save that of one Charles H. Rice, whose bill for work (with full knowledge of all the facts) was paid by a direct vote of the town, the voters at the same meeting and prior to the said vote having been informed in open town meeting that the plaintiff claimed damage for the trespasses about which said Charles H. Rice had been employed, and for which employment he then presented his bill against the town; that the plaintiff's claim for damages, as sued for by the plaintiff, the grounds of his claim, and all the material facts above set forth, had been fully explained and understood in said town meeting, prior to the vote allowing the bill of Rice covering charges for labor of himself and his team in removing the stone from the plaintiff's close, as above referred to as the basis of this action; that the vote of the town was upon an article in the warrant in due form ' to see if the town will allow the bill of Charles H. Rice,' which bill was for work in drawing stone from the plaintiff's land as set forth in his declaration; and that the town voted to allow the bill; that the record of the town would show that surveyors of the highways of the town were duly chosen in the spring prior to the acts com- plained of; that at a town meeting of Charlemont, when the plaintiff's said claim was presented, no objection was made to the course pursued or the acts done by the agents and servants of the town, and no objection was made to paying something for the damage complained of, the only objection being that the amount claimed by the plaintiff was too great; and that the stone and material which were drawn some distance across the plaintiff's land were employed in the repair and protection of the bridge, and the land injured was part of a large tract adjacent to the bridge.

" If upon the facts above reported, as far as competent evi- dence, or upon any of them, the plaintiff would have been enti- tled to a verdict by a jury, then the case is to stand for trial otherwise, judgment to be rendered for the defendants."

*W. S. B. Hopkins*, (*S. O. Lamb* with him,) for the defendants.
1. Upon the facts stated in his offer of proof, the plaintiff has mistaken his remedy. Gen. Sts. *c.* 44, §§ 19, 20. St. 1868, *c.* 264.

2. But if he is entitled to treat the acts done on his land as a tort, as he seeks to do, then his offer fails to show either authority from or ratification by the defendants. The vote of the town appointing the selectmen to repair highways and bridges was unauthorized and void. Gen. Sts. *c.* 18, §§ 31, 74; *c.* 44, §§ 6–8. *Benjamin* v. *Wheeler*, 15 Gray, 486. *Richardson's appeal*, 5 R. I. 606. If valid, it authorized no trespass by the selectmen. *Elder* v. *Bemis*, 2 Met. 599. *Franklin* v. *Fisk*, 13 Allen, 211. And the evidence offered to prove a ratification is neither competent nor sufficient for that purpose.

*S. T. Field*, for the plaintiff.

CHAPMAN, C. J. It appears that in consequence of an unprecedented freshet extraordinary measures were necessary in the town of Charlemont, to repair the roads and bridges; that a town meeting was thereupon held, and it was voted that the selectmen be the agents of the town to repair the highways and bridges at the present time, and that they be empowered to appoint such agents " to rebuild certain bridges as they think best." The selectmen employed agents and servants to repair the abutments and piers of a bridge, and took stone from the bank of the river near the bridge and upon the plaintiff's land for this purpose. Materials were taken in like manner from other persons who claimed damages therefor, and the selectmen have paid them and the town has sanctioned the payment. At a subsequent town meeting, the plaintiff claimed damages for this injury, and no objection was made to the claim except the amount. But it is denied that the plaintiff can maintain this action.

It is manifest that the acts of the selectmen were tortious; and if they were done by authority of the town an action of tort will lie against the town. When officers of a town, acting as its agents, do a tortious act with an honest view to obtain for the public some lawful benefit or advantage, reason and justice require that the town in its corporate capacity should be liable to

make good the damage sustained by an individual in consequence of the acts thus done. The contrary doctrine would be injurious to the person damaged and to the agents employed by the town. It would also be injurious to the town, by paralyzing the energies of such agents or officers, as they would be likely to refuse to act when prompt action is important. *Thayer* v. *Boston*, 19 Pick. 511, 516. *Anthony* v. *Adams*, 1 Met. 284, 287. *Lawrence* v. *Fairhaven*, 5 Gray, 110.

The extent of the liability of a master for the wrongful acts of his servant is stated in *Howe* v. *Newmarch*, 12 Allen, 49. If the act is done without the authority, and not for the purpose of executing the orders or doing the work of his master, the latter is not liable ; but if done in the execution of the authority given by the master, and for the purpose of performing what he has directed, he is responsible, whether the wrong be occasioned by negligence or by a wanton and reckless purpose to accomplish his business in an unlawful manner.

By Gen. Sts. *c.* 44, § 1, the town was obliged to keep its highways and bridges in repair. By § 11, it might authorize its surveyors or any other person to enter into contracts for making or repairing its highways. By § 14, if it neglected this duty, the selectmen might authorize surveyors of highways to enter into contracts for making the repairs. Other sections subject towns to penalties for suffering their ways to be out of repair, and to damages if travellers are injured by such defects.

These statutes made it for the defendants' interest to repair the bridge in question, and authorized the town to pass the vote above mentioned making the selectmen its agents to do the work, and employ servants and agents under them. It was as the agents of the town, that the selectmen took the plaintiff's property and did the injuries alleged ; and by the authorities cited above, this action lies.

The plaintiff's claim for damages is not, as the defendants contend, under Gen. Sts. *c.* 44, §§ 19, 20 ; for his demand does not arise out of any change in the grade of the road, but is for an illegal taking and injuring of his property outside of the highway. Nor is it for entering upon, using or taking his land for the pur-

pose of securing or protecting the way or bridge. But it is for taking and carrying away stone to be used in the repair of a pier or abutment, and for consequential damage. Therefore the stat·· ute cited above, and the St. of 1868, *c.* 264, do not apply to the case, and an action at law is the appropriate remedy.

The case is unlike *Barney* v. *Lowell*, 98 Mass. 570, and the cases there cited, where the parties were not acting as agents of the town. *Case to stand for trial.* ·