AMBROSE M. CUSHING *vs.* INHABITANTS OF BEDFORD.

Middlesex.   Jan. 16. — Oct. 17, 1878.   ENDICOTT & SOULE, JJ., absent.

Under the St. of 1872, *c.* 84, authorizing selectmen of towns to establish drinking troughs within the public highways, the selectmen act as a board of public officers, and not as agents of the town ; and a vote of a town, "that the selectmen be instructed to establish a public watering trough" in a certain locality, is irregular and unauthorized; and if, in pursuance of this vote, the selectmen put up a trough, painted of a brilliant color and of such a character as to frighten horses, the town is not liable for an injury solely occasioned thereby.

In an action for personal injuries occasioned to the plaintiff by reason of a defect in a highway, there was evidence that there was a hole in the highway into which the plaintiff's carriage entered, and by reason of which it was overturned; that on the side of the road there was a drinking trough, painted of a brilliant red color, and of such a character that it would and did frighten steady horses; and that it frightened the plaintiff's horse, causing him to spring to one side of the road and to strike the defect in the road while so shying, and occasioning the injuries complained of.   It was not contended that the carriage would have struck the defect had it not been for the shying of the horse from fright.   *Held,* that the evidence would justify the jury in finding that the defect in the highway was the sole, direct and efficient cause of the injury.

TORT.   Writ dated July 1, 1875.   The first count of the declaration was as follows :  " And the plaintiff says there is in the town of Bedford a public highway, leading from said town of Bedford to the town of Lexington, which said defendant is bound to keep in repair ; that the same was negligently suffered by the defendant to be out of repair, whereby the plaintiff travelling thereon, and using due care, was hurt.   And the plaintiff says he was travelling on said highway in his buggy, with his wife, and was driving, in the exercise of due care, a quiet and safe horse ; that at a certain place in said highway a water trough, painted of a brilliant color, had been placed, and placed in such a position that the road opposite said trough was made more narrow than it had been before said placing of said trough; that as the horse approached said brilliantly painted trough, he sheered ; that said horse in sheering drew said buggy upon a defect in said public highway, which defect was on that side of said highway which was opposite to said water trough · that said buggy was overturned by reason of said defect, and said plaintiff was thrown out and greatly injured thereby."

The second count was as follows:  " And the plaintiff says the defendant negligently placed and allowed to remain for a long

time, within the limits of a highway in said town of Bedford, a pump and water trough, painted of a bright red color, and of such a description that it was calculated to, and did, frighten horses travelling by the same upon said highway; that the plaintiff, with his wife, was travelling along said highway, and past said trough and pump, in his carriage, drawn by a quiet horse, and the plaintiff was using due care ; that the plaintiff's horse was frightened by said pump and water trough, and sprang away from the same in such a manner as to overturn the plaintiff's carriage and greatly injure said plaintiff."

The answer admitted that the defendant was bound to keep the highway in repair ; left the plaintiff to prove care on his part; denied that he was injured as alleged, and that the highway or any part thereof was out of repair, and that any structure was placed in the highway by the defendant, and that there was any combination of any structure and any imperfect condition of the highway to cause an obstruction or defect in the highway ; and denied that by means of any such combination the plaintiff was hurt.

Trial in the Superior Court, before *Wilkinson,* J., who reported the case for the consideration of this court, in substance as follows : Under the first count of the declaration, the plaintiff offered evidence tending to show that there was a hole in the road into which his carriage entered, and by reason of which it was overturned. But it appeared that the horse was frightened by a watering trough on the side of the way, and sprang to one side of the road in his fright, and struck the defect while so shying. The plaintiff did not contend that the carriage would have struck the defect, had it not been for the shying of the horse from fright.

Under the second count, the plaintiff proved that at a regular meeting, under an article in the warrant, "To see if the town will raise money for the establishment and maintenance of public drinking troughs in the public highways," the defendant town voted, "That the selectmen be instructed to establish a public watering trough near the Lexington line, and that the expense does not exceed twenty-five dollars."

The plaintiff contended that, immediately after this vote, the selectmen set up the trough in the mode it was at the time of

the accident; that the structure was painted of a brilliant red color, and was of such a character that it would and did frighten steady horses; that it frightened the plaintiff's horse, and caused him to jump aside and overturn the carriage and cause the injuries complained of.

The judge ruled that the plaintiff could not recover upon either count of the declaration; and, by consent of parties, reported the case for the consideration of this court. If the action could not be maintained, judgment was to be entered for the defendant; otherwise, the case was to stand for trial under such directions as the court should give.

*T. H. Sweetser, & G. A. A. Pevey*, for the plaintiff.

*S. Hoar*, for the defendant.

COLT, J. By the St. of 1872, *c.* 84, the selectmen of towns are authorized to " establish and maintain such public drinking troughs, wells and fountains within the public highways, squares and commons of their respective towns, as in their judgment the public necessity and convenience may require; " and the towns are authorized to raise and appropriate money to pay the expense thereof. These provisions make the selectmen a board of public officers charged with this duty; they are not agents of the town, but they represent the general public. They were so considered under a similar statute, which gave them the power to certify in writing, where telegraph posts might be erected within the highway. *Young* v. *Yarmouth*, 9 Gray, 386.

The towns, in their corporate capacity, have not been given the right by statute to construct drinking troughs in the public highways, nor does it appear that they have usually exercised the right. The vote of the town instructing the selectmen in this duty and limiting the expense, was irregular and unauthorized. *Kean* v. *Stetson*, 5 Pick. 492. The town cannot therefore be charged with having created a nuisance, from which the plaintiff suffered special injury; and no recovery can be had on the second count in the declaration.

In support of the first count, which was for an injury caused by a defect in the highway, there was evidence that the plaintiff's horse was frightened at a red watering trough on the side of the road, shied from his course and caused the carriage to go into a hole in the road, by which it was overturned and the

plaintiff injured. It was not contended that the injury would have happened if the horse had not shied. The jury on this evidence would be justified in finding that the plaintiff's loss of the control of his horse was momentary or partial. *Titus* v. *Northbridge*, 97 Mass. 258. *Babson* v. *Rockport*, 101 Mass. 93. They would be justified in finding that the shying of the horse was as much an accident as the failure of some part of the carriage; *Palmer* v. *Andover*, 2 Cush. 600; or as when the fright was caused by an accumulation of ice about a watering tub; *Stone* v. *Hubbardston*, 100 Mass. 49; or by a pile of stones by the roadside. *Bemis* v. *Arlington*, 114 Mass. 507.

They would be justified in finding that at the place where the injury was received, which may have been some distance from the red watering trough, the plaintiff, while passing on the highway, using due care and having at least partial control of his horse, was injured by a defect in the highway which was the direct, sufficient and sole cause of his injury. It cannot be declared, as a matter of law, that the cause of the fright of the horse, producing the unexpected movement by which the carriage in the end went into the hole, was one of the direct and immediately contributing causes of the plaintiff's injury.

*Case to stand for trial on the first count only.*