VELIE H. DEANE *vs.* INHABITANTS OF RANDOLPH.

Norfolk. Jan. 11, 1881. — March 1, 1882. FIELD & C. ALLEN, JJ., absent.

If a town votes to construct a way, as ordered by the county commissioners, under the direction of the selectmen, the latter, in the execution of the work, act as agents and not as officers of the town; and the town is liable for injury to the property of a person caused by the negligence of those employed by the selectmen to do the work.

TORT for injuries occasioned to the plaintiff's premises in Randolph, by the negligence of the defendant's servants in removing a ledge of rocks in the construction and alteration of a highway. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that the defendant town, at a meeting called for that purpose, voted " that the sum of four thousand dollars be raised and appropriated for the widening and building of South and Mill Streets, as ordered by the county commissioners, under the direction of the selectmen; " that the selectmen employed one Martin P. Pike, who was at the time keeper of the almshouse in said town, to take entire charge of this work; that Pike was, and had been for several years, one of the road surveyors in said town, and during those years had had experience in the use of " rendrock," the explosive material used in the excavation of the ledge above mentioned; and there was no evidence that Pike was an incompetent or unsuitable man for directing such a work, except that, in the operation of blasting the ledge, injury was done to the plaintiff's premises, and the plaintiff introduced evidence tending to show that the injury done to his premises resulted from the careless and unskilful manner in. which the work of blasting was done.

Upon these facts, the defendant asked the judge to rule that the plaintiff could not maintain his action, because " the agents of said town, selected to perform a work ordered by the county commissioners, which work said town was obliged by law to do, and from which it derived no special advantage, were to be regarded as public officers, rather than as servants or agents of the defendant."

The judge declined so to rule, but ruled " that if, in the process of blasting the ledge, Pike, or the men working under him, did not exercise that care which a person of ordinary skill and prudence would have exercised under all the circumstances, by reason of which the plaintiff's premises suffered damage, then the plaintiff could recover in this action; but that the plaintiff could not in this action recover for any injury resulting to his premises from a proper, careful and skilful manner of conducting the process of blasting."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. French & J. Wales*, for the defendant.

*J. F. Kilton*, for the plaintiff.

LORD, J.   Municipal corporations have some duties which they are by law required to perform.   One of such duties to be performed by a town is the construction of such way within its limits as shall be laid out by the county commissioners. This duty any town may perform by the employment of agents to execute the work.   That is exactly what the town of Randolph did in this case.   That town built the road, and Pike was simply its agent.   The fact that a corporation must act by means of personal agencies does not substitute the agent for the corporation.

No question arises in this case as to whether a town may be responsible for the careless act of an officer of the town who is by law required to be chosen, and whose duties are defined by law.   In such cases, the corporation has no control of his tenure of office, nor as a rule has it any authority to direct the mode in which his duties shall be performed.   *White* v. *Phillipston*, 10 Met. 108.   *Walcott* v. *Swampscott*, 1 Allen, 101.   *Hafford* v. *New Bedford*, 16 Gray, 297.

In this case, the town voted to build the road, and that it

should be done under the direction of the selectmen of the town. It was not as selectmen that the law imposed upon them the duty of building the road themselves, or having it built under their direction. For this purpose, they were servants or agents, and not officers, of the town; and it was as the servants and agents, and not as officers, of the town, that they employed Pike to do the work. Pike does not appear to have been even a contractor. He was certainly not doing the work upon his own account, nor was he doing it for the selectmen. The selectmen had no interest in the matter except the common interest of members of the corporation, and as they happened to be employed, instead of some other agents, to superintend the work.

It is, however, too well settled for discussion, in this Commonwealth, that municipal corporations, in doing work in pursuance of a municipal duty, are bound to the exercise of reasonable care, and are responsible for injuries done by their servants in consequence of their negligent or unskilful conduct in the execution of such work. *Anthony* v. *Adams,* 1 Met. 284, 285. *Perry* v. *Worcester,* 6 Gray, 544, 547. *Emery* v. *Lowell,* 104 Mass. 13. *Merrifield* v. *Worcester,* 110 Mass. 216, 221. *Murphy* v. *Lowell,* 124 Mass. 564.

The rulings upon this subject were sufficiently favorable to the defendant town. *Exceptions overruled.*