SARAH M. TINDLEY *vs.* CITY OF SALEM.

Essex. Nov. 7, 1883. — May 12, 1884. W. ALLEN & HOLMES, JJ., absent.

A city, which undertakes the celebration of a holiday, under the authority of the Pub. Sts. *c.* 28, § 13, (which provides that the city council may appropriate money for such a purpose,) exclusively for the gratuitous amusement of the public, is not liable to an action by one who sustains personal injuries, through the negligence of servants of the city in discharging fireworks for the purposes of the celebration.

TORT. The declaration alleged that the defendant corporation, on July 4, 1882, which was a holiday, for the purpose of celebrating the same, under the authority of the Pub. Sts. *c.* 28, § 13, caused fireworks to be exhibited and discharged in a public square of the city; that the plaintiff was then and there rightfully in said square, and using due care; and that, by the negligence and unskilfulness of the defendant's servants in discharging the fireworks, the plaintiff sustained personal injuries. The defendant demurred to the declaration, on the ground that it did not state a legal cause of action.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. P. Thompson,* ( *W. F. M. Collins* with him,) for the plaintiff.

*J. A. Gillis,* for the defendant.

C. ALLEN, J. It may not be easy to reconcile all of the *dicta,* and perhaps not all of the decisions, in actions in which it has been sought to hold cities or towns responsible for injuries to persons or property sustained through negligence or wrongdoing on the part of the cities or towns themselves, or of persons alleged to have acted as their agents or servants. Many of the cases, however, can be distributed into classes, which have now come to be recognized, although in some instances the principles upon which the decisions ought ultimately to rest may still be somewhat shadowy.

There are certain cases where the act of the city or town has of itself a natural and direct tendency to injure the property of another, quite irrespectively of any negligence in the performance of it. In such cases, if the act is within the authority of

the city or town, it is responsible. *Locks & Canals* v. *Lowell*, 7 Gray, 223. *Hildreth* v. *Lowell*, 11 Gray, 345. *Haskell* v. *New Bedford*, 108 Mass. 208. Otherwise, not. *Lemon* v. *Newton*, 134 Mass. 476. *Cushing* v. *Bedford*, 125 Mass. 526.

There are other cases where it has been held that it is the duty of a city or town, in building a highway or bridge across a natural stream of water, to make and maintain a suitable provision for the free passage of the water, so that it shall not be set back; and that the city or town is responsible for any failure in the performance of this duty; and, as such failure is usually through negligence, the remedy is usually by an action at law. *Lawrence* v. *Fairhaven*, 5 Gray, 110, 116, 119. *Perry* v. *Worcester*, 6 Gray, 544. *Parker* v. *Lowell*, 11 Gray, 353. *Wheeler* v. *Worcester*, 10 Allen, 591.

There are other cases where a city or town has undertaken to build and maintain particular works, as, for example, sewers, waterworks, and gasworks, in part for the general benefit, and in part for the benefit of such individuals as may be able to use them advantageously, and where the expense is defrayed in the first instance, either wholly or partly, by assessments upon the estates immediately benefited, or where a charge is made by way of toll or rent to those who avail themselves of the benefit of the works. In such cases the work is not undertaken purely as a matter of common public convenience and service, for the benefit of all alike, but the city or town acts as an agency to carry on an enterprise partly commercial in its character, for the purpose of furnishing conveniences and benefits to such as pay for them. The element of a consideration comes in; and in such cases it is usually held that a liability exists for an injury to an individual through negligence in building or maintaining the works. *Child* v. *Boston*, 4 Allen, 41. *Oliver* v. *Worcester*, 102 Mass. 489, 500. *Emery* v. *Lowell*, 104 Mass. 13. *Merrifield* v. *Worcester*, 110 Mass. 216. *Murphy* v. *Lowell*, 124 Mass. 564.

There are other cases, of which the repair of roads and bridges furnishes the usual example, where a city or town, by reason of its statutory liability for injuries sustained through neglect of keeping ways safe and convenient for travellers, and of the statutory penalties upon it for defective ways, as well as by reason

of its responsibility for the cost of construction, incurs a liability by undertaking the performance of a public work, in which it has a direct pecuniary interest to see that it is done not only economically, but thoroughly. In some of these cases, the assumption of the work by the town itself has been voluntary, and apparently because it preferred that the work should be done by special agents rather than by the surveyors, or others, upon whom, in the absence of such special provision, the law would devolve the duty of prosecuting it. But in all such cases a prominent element in the action of the city or town must have been with reference to its continuing liability to statutory penalties, or responsibility in damages to persons who might receive injuries in their persons or property through defects in the ways. This consideration was made the foundation of the decision in *Hawks* v. *Charlemont*, 107 Mass. 414. The case of *Deane* v. *Randolph*, 132 Mass. 475, is of the same class. In *Sullivan* v. *Holyoke*, 135 Mass. 273, there was evidence tending to show that, as incident to its liability for defective ways, the city had undertaken to light the streets, though not bound to do so, and that it kept naphtha for that purpose, and stored it negligently. The case was a close one; but in the opinion of a majority of the court it fell within the principle of *Hawks* v. *Charlemont*, and *Deane* v. *Randolph*. All that was decided in *Perry* v. *Worcester*, *ubi supra*, may stand also upon the same ground, as well as upon the ground heretofore mentioned. The city had voluntarily assumed, by agents of its own, to rebuild a bridge which it was bound to maintain and keep in repair; and it performed the work in such a manner as to cause injury to private property, through unskilfulness or negligence. In all of these cases, the city or town was acting, not merely in the discharge of a public service, but also with reference to penalties and liabilities imposed upon it by law for imperfect work. The pecuniary motive came in. It was acting in furtherance of its own pecuniary interest, as well as for the benefit of the public.

Easily distinguishable from these are the cases where the city or town is exonerated from liability, on the ground that the wrongful act complained of is not its act, but the act of persons who are deemed to be public officers, existing under independent provisions of law; officers who, though appointed and paid by

the city or town, and though perhaps its agents or servants for other purposes, are yet held not to sustain this relation in respect to the particular act in question; as, for example, members of a fire department, *Hafford* v. *New Bedford*, 16 Gray, 297; *Fisher* v. *Boston*, 104 Mass. 87; highway surveyors, *Walcott* v. *Swampscott*, 1 Allen, 101; superintendent of streets, *Barney* v. *Lowell*, 98 Mass. 570; police officers, *Buttrick* v. *Lowell*, 1 Allen, 172; overseers of the poor, *New Bedford* v. *Taunton*, 9 Allen, 207; assessors and collector of taxes, *Rossire* v. *Boston*, 4 Allen, 57; *Alger* v. *Easton*, 119 Mass. 77; deputy collector, *Dunbar* v. *Boston*, 112 Mass. 75; selectmen, *Cushing* v. *Bedford*, *ubi supra;* board of aldermen, *Child* v. *Boston*, 4 Allen, 51; and even the city government itself, *Griggs* v. *Foote*, 4 Allen, 195.

There is another class of cases where cities or towns have been held to be not liable for negligence, when, acting under general laws applicable to all cities and towns alike, they have undertaken a particular service or work, which has no direct or natural tendency to injure any individual in person or property, and no element of special corporate advantage as a consideration for undertaking it, or of pecuniary profit or contribution from individuals especially benefited, either by way of aid in the performance of the work, or of compensation for its use or benefit after its completion; and where no pecuniary penalty or liability is imposed by statute in case of defective or negligent performance of the undertaking; but where their action is exclusively and purely as a matter of public service, for the general and common good. In some cases the statutes enjoin such service upon cities and towns, and in others permit it. The decisions in *Hafford* v. *New Bedford* and *Fisher* v. *Boston*, already cited, fall within this class, and rest as well upon this ground as upon the doctrine of master and servant. So also the case of *Bigelow* v. *Randolph*, 14 Gray, 541, where it was held that the town was not liable for a personal injury to a scholar attending a public school, received by falling into a dangerous excavation negligently left in a schoolhouse yard. *Oliver* v. *Worcester*, *ubi supra*, also furnishes a good illustration of this ground of exemption from liability. And in the case of *Hill* v. *Boston*, 122 Mass. 344, it was held, on the greatest consideration, and upon a very full review of the authorities, that the

city of Boston was not liable in an action brought by a child attending a public school, for an injury sustained through the negligent construction of a schoolhouse which the city was bound by a general law to provide and maintain. The duty resting upon the city in that case was imperative. The reasoning upon which the decision rests would be directly applicable to the present case, but for the distinction that the negligence now complained of was not in the performance of a duty imperatively required, but of a service voluntarily assumed by the defendant, under the authority of the Pub. Sts. *c.* 28, § 13. This statute provides that the city council of a city may, by a yea and nay vote of two thirds of the members of each branch thereof present and voting, appropriate money, to a certain limited amount, for armories for the use of military companies, for the celebration of holidays, and for other public purposes. The same question arose in *Morrison* v. *Lawrence*, 98 Mass. 219, but the case went off on another ground.

In our opinion, this distinction does not affect the resulting liability. There are many provisions of statute, by which all municipal corporations must do certain things, and may do certain other things, in each instance with a view solely to the general good. In looking at these provisions in detail, it is impossible to suppose that the Legislature have intended to make this distinction a material one in determining the question of corporate liability to private actions. For example, towns must maintain pounds, guide-posts, and burial-grounds; and may establish and maintain hospitals, workhouses or almshouses, town-halls, libraries, monuments in memory of soldiers, public baths, quarantine grounds, and watch and ward; and may raise money for the destruction of noxious animals, for centennial celebrations, for shade trees, for the detection and apprehension of felons, and for building armories. Pub. Sts. *c.* 36, § 20; *c.* 53, § 1; *c.* 82, § 9; *c.* 80, § 70; *c.* 84, § 20; *c.* 33, § 1; *c.* 27, § 41; *c.* 40, § 10; *c.* 27, §§ 10, 13; *c.* 80, § 62; *c.* 34, § 1; *c.* 27, §§ 10, 11, 12; *c.* 14, § 94. In some instances, large towns must, and small towns may, do certain things. Every town may, and every town containing five hundred families must, maintain a high school; every town may, and every city and town having more than ten thousand inhabitants must, provide for instruction in industrial

and mechanical drawing; towns, if they see fit, may also estab-
lish and maintain industrial and nautical schools; and every
town not divided into school districts must provide and maintain
a sufficient number of school-houses.  Pub. Sts. *c.* 44, §§ 2, 7, 8,
9, 46.  Each town containing more than three thousand inhab-
itants must, and every town may, keep and maintain a lock-up.
Pub. Sts. *c.* 27, § 32.

In all of these cases, the duty is imposed or the authority con-
ferred for the general benefit.  The motive and the object are
the same, though in some instances the Legislature determines
finally the necessity or expediency, and in others it leaves the
necessity or expediency to be determined by the towns them-
selves.  But when determined, and when the service has been
entered upon, there is no good reason why a liability to a pri-
vate action should be imposed when a town voluntarily enters
upon such a beneficial work, and withheld when it performs
the service under the requirement of an imperative law.  To
make such a distinction would not have the effect to encourage
towns in making liberal provision for the public good.  It is
well known that many towns in Massachusetts, not bound to
do so, voluntarily maintain high schools.  It is not to be sup-
posed that the Legislature have intended to make such towns
liable to private actions, when towns required to maintain high
schools would be exempt.  On the other hand, it has been rec-
ognized in numerous cases, in this State and elsewhere, that the
question of the liability of towns does not rest upon this distinc-
tion.  *Bigelow* v. *Randolph*, *Hafford* v. *New Bedford*, and *Fisher*
v. *Boston*, *ubi supra*.  *Clark* v. *Waltham*, 128 Mass. 567.  *East-
man* v. *Meredith*, 36 N. H. 284.  *Wixon* v. *Newport*, 13 R. I. 454.
*Richmond* v. *Long*, 17 Grat. 375.

The *dictum* of Chief Justice Shaw, in *Anthony* v. *Adams*,
1 Met. 284, that "an action upon the case will lie against muni-
cipal corporations, when such corporations are in the execution
of powers conferred on them, or in the performance of duties
required of them by law, and their officers, servants, and agents
shall perform their acts so carelessly, unskilfully, or improperly
as to cause damage to others," is sometimes cited as declaring
that, in the case supposed, such action will lie always and under
all circumstances; whereas it was only intended to assert that a

municipal corporation is not exempt from liability in an action on the case, and to declare that such an action may be maintained, under proper circumstances; that is to say, that a municipal corporation is not, merely by reason of its corporate character, exempt from such action, under proper circumstances.

We are of opinion that the present case falls within the principle of *Hill* v. *Boston;* that the ground of distinction sought to be established is untenable; and that the celebration of a holiday, when undertaken by a city exclusively for the gratuitous amusement, entertainment, or instruction of the public, under the authority of the general law already referred to, which is applicable to all cities alike, does not render the city liable to an action by an individual who has sustained a personal injury through negligence in carrying out the celebration.

We cannot think that the Legislature, while carefully limiting the amount which may be expended for the purposes in question, intended to impose upon cities a liability to private actions. If such an extension of liability had been intended, we think it reasonable to suppose that the Legislature would have expressed such intention in plain terms.　　　　　*Judgment affirmed.*