MICHAEL WALDRON *vs.* CITY OF HAVERHILL.

Essex.    Nov. 3, 1886. — Feb. 24, 1887.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

By the charter of a city, the administration of all the fiscal, prudential, and municipal affairs of the city was vested in the city council. By the city ordinances, a superintendent of highways was to be chosen, who should be removable at the pleasure of the city council, and who should act under the direction of the committee on streets, ways, and sewers, which was a committee of the city council; and special provisions showed his subordination to the city council and to its committee. A stone-crusher, owned by the city, and operated, under the direction of its superintendent of streets, for the purpose of crushing rocks and stones to be used in keeping the streets of the city in proper condition for travel, upon land belonging to the city, which land for a period of nearly three months was used exclusively in the preparation of materials for repairing the streets and ways of the city, damaged the adjoining land by depositing dust thereon. *Held,* that the owner of such land could maintain an action therefor against the city.

TORT, for injuries occasioned to the plaintiff's real estate by reason of the operation of a stone-crusher on land of the defendant, between August 1 and October 21, 1884.

At the trial in the Superior Court, before *Mason*, J., it was admitted that the plaintiff, during the time alleged in his

declaration, was in the occupation and possession of the premises described therein; and that, during said time, a stone-crusher, engine, and boiler, all of which were the property of the defendant, were operated under the direction of one Mansur, who was the superintendent of streets of the defendant city, for the purpose of crushing rocks and stones for the city, used, when so crushed, in keeping the public streets in the city in suitable order and condition for travel. The stone-crusher was situated on land of the city formerly used as a gravel pit for supplying materials to be used in repairing said streets and highways, and was, during the time alleged in the declaration, used exclusively in the preparation of materials to be used in keeping said streets and highways in repair. Said land was a short distance from the plaintiff's premises, and, by the operation of the stone-crusher, stone dust arose and was deposited on the plaintiff's premises, which were thereby damaged to the amount of $50. The men who operated the stone-crusher under the direction of Mansur were paid therefor by the defendant.

It also appeared in evidence, that the plaintiff occupied his said premises before the stone-crusher was placed upon the defendant's land; that the ownership, use, and operation of the stone-crusher, engine, and boiler, and the ownership and occupation of said land of the defendant, were reasonably necessary for the keeping of said highways in reasonable order and repair for travel; but that it would have been practicable, by the erection of a board fence, to have prevented said damage to the plaintiff's premises by said dust. It further appeared that the mayor of the city, who was chairman of the committee on public streets, on two occasions during the time alleged, was on the defendant's land.

The material provisions of the city charter and ordinances, which were introduced in evidence, appear in the opinion.

The judge ruled, as matter of law, that the plaintiff was not entitled to recover; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*B. B. Jones*, for the plaintiff.

*J. J. Winn*, for the defendant.

C. ALLEN, J. If a city or town, instead of leaving the duty of keeping the highways in repair to be performed by the officers, and in the methods provided by the general laws, assumes

to perform it by means of agents whom it may direct and control, it may be held responsible for the acts of those agents. The chief grounds of a town's exemption from responsibility for the acts of surveyors of highways, as stated in *Walcott* v. *Swampscott*, 1 Allen, 101, and in later cases, are, that their powers and duties are prescribed and regulated by statute, and that, in the performance of these duties, they are independent of the town, and cannot be directed, or controlled, or removed from office by the town, and are not amenable to it for the manner in which they discharge the trust reposed in them by law; nor can the town exercise any right of selecting the servants or agents by whom surveyors shall perform their work. These reasons are not applicable to a case where a town performs the work by means of agents of its own. *Hawks* v. *Charlemont*, 107 Mass. 414. *Deane* v. *Randolph*, 132 Mass. 475. *Sullivan* v. *Holyoke*, 135 Mass. 273. *Tindley* v. *Salem*, 137 Mass. 171.

The present case falls within the latter class. By the city charter, the administration of all the fiscal, prudential, and municipal affairs of the city of Haverhill is vested in the city council. By the city ordinances, a superintendent of highways, removable at the pleasure of the city council, is to be chosen. He is to act under the direction of the committee on streets, ways, and sewers, which is a committee of the city council. Special provisions show more in detail his subordination to the city council, and to its committee. The work which caused the injury to the plaintiff's property was done on land of the city, which land for a period of nearly three months was used exclusively for the preparation of materials for repairing the streets and highways of the city. There is nothing to show that this use of the city's land was unauthorized. The contrary is to be assumed. Upon all the facts stated, the work in question appears to have been done by agents of the city, for whose acts and neglects in the performance thereof the city is responsible.

The case of *Barney* v. *Lowell*, 98 Mass. 570, was distinguished, on grounds equally applicable here, in *Hawks* v. *Charlemont*, *ubi supra*, by Chief Justice Chapman, who took part in the decision of both cases. *Exceptions sustained.*