ELIZABETH DOHERTY, administratrix, *vs.* INHABITANTS
OF BRAINTREE.

Norfolk.   January 10, 11, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Town — Rebuilding of Bridge — Liability for
Negligence.*

A town was directed by statute to rebuild a bridge of a certain width, and according to plans approved by the board of harbor and land commissioners, and proceeded to do the work through its selectmen and a committee of citizens. *Held,* that the town was liable for personal injuries caused by the negligence of its agents in constructing the bridge.

TORT for personal injuries occasioned to the plaintiff's intestate, through the negligence of the defendant's servants, by the fall of a derrick while being used by them in rebuilding a bridge. At the trial in the Superior Court, before *Pitman*, J., the plaintiff offered to prove the following facts.

Early in 1882, a bridge across the Monatiquot River, and a part of Quincy Avenue, a public highway duly laid out in the defendant town, became unsafe. By the St. of 1882, c. 31, which was approved on February 21, 1882, the defendant town was "directed to rebuild the bridge over the Monatiquot River in said town within three years from the passage of this act, with a draw therein not less than thirty-six feet wide ; the plans for such bridge and the rebuilding thereof with all its attachments to be first approved by the board of harbor and land commissioners."

At a town meeting held on April 2, 1882, a committee of five persons was appointed to procure plans, specifications, and cost of rebuilding the bridge of iron or other materials, and to report at a future meeting. The committee made such a report; the town voted to rebuild the bridge, and appropriated $10,000 for that purpose; and the committee and the selectmen were authorized in its behalf to make all necessary contracts, and to superintend the rebuilding of the bridge. The plans for the bridge were approved by the board as required by the statute, and the committee and selectmen proceeded with the rebuilding, men being hired, materials bought, and the necessary apparatus, including a derrick, being procured by them upon the credit of the town. It was also necessary to raise the grade of Quincy Avenue to that of the proposed bridge, and the derrick was also used for that purpose.

On September 14, 1883, Patrick F. Doherty, the intestate, who was thirteen years of age, was in charge of a horse and cart belonging to the town and engaged in the work on Quincy Avenue, near the bridge, where the derrick in question was then being used to hoist a stone for one of the bridge piers. At the request of the foreman, who was placed by the committee and selectmen in charge of the derrick, the intestate came and assisted in the hoisting of the stone. While the intestate, being in the exercise of due care, was thus engaged,

the derrick fell, through the negligence of the defendant's servants, and through its unsafe and unsuitable condition, causing the injuries.

Upon these facts, the judge, being of opinion that the defendant was engaged in the discharge of a public duty imposed on it by statute, and, as matter of law, was not responsible for the acts of its servants, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Eldridge,* for the plaintiff.

*E. Avery & A. E. Avery,* for the defendant.

C. ALLEN, J.    It is a general rule in this Commonwealth, though subject to some exceptions, that a private action will not lie against a town to recover damages sustained in consequence of the negligence of its agents in the performance of a duty which, under requirement or authority of law, the town has assumed, with a sole view to the general benefit, unless such action is given by statute.    *Hill* v. *Boston,* 122 Mass. 344, 345, 351.    *Tindley* v. *Salem,* 137 Mass. 171.    See also *Benton* v. *Boston City Hospital,* 140 Mass. 13.

But the duty of building a road or bridge has not been deemed to fall within this general rule, and such liability has been held to exist where a town has voluntarily or compulsorily assumed the performance of such duty.    *Hawks* v. *Charlemont,* 107 Mass. 414.    *Deane* v. *Randolph,* 132 Mass. 475.    *Waldron* v. *Haverhill,* 143 Mass. 582.    We cannot distinguish the present case from *Deane* v. *Randolph.*    The duty of rebuilding the bridge was put upon the town, and the town proceeded to do the work through agents whom it might direct and control, namely, the selectmen and the committee of citizens.    The fact that the draw was required to be thirty-six feet wide, and that the bridge was required to be built according to plans which must first be approved by the board of harbor and land commissioners, did not take from the town the control of the work, in any such sense as to exonerate it from responsibility for negligence in the details of construction.

*Exceptions sustained.*