HENRY LUCIER *et al. vs.* DANIEL L. D. GRANGER, City
·Treasurer, *et al.*

PROVIDENCE—JANUARY 14, 1898.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

While an action against a town or city must be brought against its treasurer, yet,
    if it be sought to charge the municipal corporation with liability for alleged
    negligence, the declaration must charge such negligence against the city, or its
    servants or agents.
To declare against G., city treasurer, for alleged negligence, is simply a declara-
    tion against him individually, and not against the city.

TRESPASS ON THE CASE for negligence. Heard on demurrer to the declaration.

TILLINGHAST, J. This is an action of trespass on the case for negligence. It is brought against Daniel L. D. Granger, treasurer of the city of Providence, and Charles A. Borden, Jason P. Stone, Lyman B. Messenger, William A. Hickie, Edward G. Burrows, Robert B. Little, Dennis F. McCarthy, and Arthur H. Watson.

The declaration sets out that at said Providence, on the fourth day of July, 1893, the said defendants unlawfully and negligently, on the Dexter Training Ground, a public place, in the center of a densely populated district, set off and discharged, over and against the houses and other .buildings of

residents in and about said Dexter Training Ground, certain dangerous and deadly missiles, to wit, heavily charged and highly explosive sky-rockets, and thereby created and maintained a public nuisance, dangerous to the life, limb, and property of the residents in and about said training ground, and then and there carelessly, unlawfully, and in violation of the rights of the plaintiffs, fired and discharged a deadly and dangerous missile, to wit, a sky-rocket heavily charged with combustible matter, and at a high velocity, over and against the houses and other buildings occupied by the said plaintiffs near said Dexter Training Ground, and said sky-rocket, while the plaintiff Rosalie was on her premises and while she was in the exercise of due care, struck and seriously injured her.

To this declaration the defendant Daniel L. D. Granger, city treasurer, has filed a demurrer, specifying ·various grounds upon which he claims that the city is not liable, and particularly because the acts complained of were not done in pursuance or exercise of any corporate power, but that they were done in pursuance of or as incidents in the exercise of a statute of the State which authorizes towns and cities to celebrate the anniversary of American Independence; that such celebration was a purely public act; that no element of consideration inured to the city, and hence that the acts complained of did not constitute a nuisance, and the city cannot be held liable for any negligence in connection with the carrying out of a public celebration of this sort.

The defendants, other than the city treasurer, have filed pleas in bar, so that the only question now raised is as to the liability of said city in its corporate capacity. Upon examination of the pleadings, however, we are of the opinion that this question is not properly before us, and hence that we ought not now to attempt to decide the same. The declaration in the case makes no charge whatever against the city of Providence, but only against Daniel L. D. Granger, city treasurer. That is to say, the charge is simply against him as an individual, and not against the city at all. Of course the declaration is clearly demurrable on this account; for

while the action must be brought against the city treasurer, if it is sought to charge the city with liability (*Valcourt* v. *Providence*, 18 R. I. 160; *Saunders* v. *Pendleton*, 19 R. I. 659), yet the declaration, in so far as it charges negligence, must charge it against the city or its servants or agents, which is the same thing. It is true this point has not been taken in the argument of counsel, although it was taken in the defendants' brief; but, as the declaration shows no case against the city, any decision which we might render upon the important question, which has been very fully and learnedly argued by counsel upon both sides, would be a mere dictum, and hence we think it wiser to simply sustain the demurrer on the general ground set up therein, viz., that it does not state a cause of action against the city of Providence, leaving the plaintiffs to obtain leave, if they can, to so amend their declaration as to properly raise the question as to the city's liability in the premises. Whether, in case the declaration shall be so amended as to state a case, the questions which have been discussed at the bar can be determined on demurrer, unless the declaration shall set out the acts of the city in connection with said celebration, and also that they were done and performed in pursuance of the statute, as was done in the case of *Tindley* v. *Salem*, 137 Mass. 171, *quære*.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*John E. Conley and William J. Cronin*, for plaintiff.

*Francis Colwell and Albert A. Baker*, *City Solicitors of the City of Providence*, for defendants.