JAMES H. O'DONNELL *vs.* J. ELLIS WHITE, City Treasurer.

FARRELL J. MITCHELL *vs.* J. ELLIS WHITE, City Treasurer.

PROVIDENCE—NOVEMBER 8, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading and Practice. Municipal Corporations. Highways. Liability of Municipality for Injuries to Private Property.*

The same rule of law protecting the right of property in an individual against invasion from another individual protects it from similar aggressions on the part of municipal corporations.

In trespass on the case a declaration charged that "the defendant city through its agents and servants, wholly unmindful of its duty in the premises, . . . while at work for said city on . . . streets, filling in said streets at the premises of the plaintiff, so negligently, wrongfully, and improperly did said work and filling in that they threw large quantities of earth and gravel upon the land of the plaintiff and raised said land above the entrance to his store and dwelling, and covered up his cellar windows, and caused the surface water to flow into his cellar . . . :"—

*Held,* on demurrer, that the declaration stated a case, as it was not based upon the failure of the city to discharge any statutory duty devolved upon it, but solely on its common-law liability for the doing of a wrongful act.

Distinguishing *Smith* v. *Tripp,* 13 R. I. 152.

TRESPASS ON THE CASE. The facts are fully stated in the opinion. Heard on demurrers to declarations, and demurrers overruled.

TILLINGHAST, J. These cases, which are actions of the case for negligence, were tried together; and are before us on the defendant's demurrers to the declarations.

The declaration in the first-named case alleges "that the

defendant city through its servants and agents, wholly un-
mindful of its duty in the premises and of the rights of the
plaintiff, on the ——— days of November, 1899 (said days
being known of record in the Public Works Department of
said city), while at work for said city on Coleman, Sumner
and Beecher streets, filling in said streets at and around the
premises of the plaintiff, so negligently, wrongfully and im-
properly did said work and filling in, that they then and
there threw and cast large quantities of earth and gravel in
and upon the land and premises aforesaid of the plaintiff for
several inches; and did raise said land above the entrances
to his store and dwelling; and did cover up his cellar windows
and exclude the light and air from said windows; and did
cause the surface water to flow into said cellar and store
and impede the free use of said premises by the plaintiff, his
customers and tenants; and by reason of said water so flow-
ing into said store the plaintiff has been caused great damage
to his goods and to his business; and by reason of said water
flowing into said cellar, the dwelling of the plaintiff and the
tenement in said building have been rendered badly suited
for use and occupancy and the health of the plaintiff and of
his wife and of his family and his tenants has been injured,"
etc.

The ground of the defendant's demurrer to this declaration
is "that it does not disclose any statutory duty on the part of
the city in the premises, to the plaintiff, which the defendant
had neglected or refused to perform."

We do not think the demurrer is well founded.    The decla-
ration does not purport to be based upon the failure of the
city to discharge any statutory duty devolved upon it, but it
is based solely on its common-law liability for the doing of
the wrongful act.    And, while not skillfully drawn, the decla-
ration alleges in effect that while the defendant's servants
and agents were lawfully at work on the streets named,
under the direction of the city, they so negligently and im-
properly performed said work that large quantities of earth,
etc., were thrown upon the plaintiff's premises, and large
quantities of water caused to flow thereon, to his damage.

(1)    We fail to see why such a declaration does not state a cause of action against the defendant city. It cannot be seriously contended that the defendant city has any right to invade private property in the manner set out in the declaration, either intentionally or negligently, while prosecuting a public improvement. It has no more right to occupy or appropriate private land outside of the limits of the highway, in making repairs or improvements thereon, than has a private individual to occupy or appropriate the adjoining land of his neighbor while making improvements on his own land. That is to say : " The same rule of law which protects the right of property in an individual against invasion from another individual, must protect it from similar aggressions on the part of municipal corporations." *City of Aurora* v. *Reed*, 57 Ill. 33. See to the same effect *Wallace* v. *City of Muscatine*, 4 Greene (Iowa), 373. *Inman* v. *Tripp*, 11 R. I. 523, distinctly lays down the same doctrine. If, therefore, the defendant city wrongfully entered upon the property of the plaintiff, or wrongfully or negligently threw earth and gravel upon it, as alleged, it is liable in damages to the plaintiff to the same extent as a private individual would have been for a similar wrong. See Elliott on Roads and Streets, 2d ed. § 490, and cases in note 2.

To hold otherwise would be in effect to permit a city or town, in making or repairing a highway, to take and use private property for public purposes without compensation. For, as said by Durfee, C. J., in *Inman* v. *Tripp, supra*, " Certainly property is taken, to some extent, when its beneficial use is destroyed or impaired in this way, as well as when its owner is directly and formally excluded from its enjoyment." *Hendershott* v. *City of Ottumwa*, 46 Iowa, 658, was quite similar to the case before us. There the city, for the purpose of improving the street, raised the natural grade thereof in front of the plaintiff's lot about twelve feet. The crown of the embankment was made the full width of the street. This could not be done without so depositing the earth that it rolled over upon plaintiff's lots while the work of filling up the street was in progress. The effect of thus

filling the street was that a large quantity of earth was deposited upon the front of plaintiff's lots, and part of his hedge was destroyed. In an action against the city to recover the damages thus done to his lots, it was held that he could recover.

In delivering the opinion of the court, Rothrock, J., said:

"It is well settled that if in making changes in the natural surface of streets, the city is negligent in construction, so that the adjacent lots are injured by reason of such negligence, the city is liable for such injury."

He further said: "It must be admitted in this case that the city had the right to grade the street to the full width for the purpose of public travel; but it had no right to deposit earth upon plaintiff's lots. It is urged that the earth was not deposited upon the lots, but upon the embankment in the street, and it rolled down upon the lots; and that the injury was an incident necessarily resulting from grading the street in front of plaintiff's lots, which was a proper exercise of a lawful power.

"No one would claim that the city, in making the embankment, had the right to enter upon plaintiff's lots and deposit the earth directly thereon. This, beyond question, would be a trespass. It seems to us the city is equally liable for depositing the earth in the street in such a manner that, without ceasing its motion, it passed at once upon the lots. The only difference is that in one case the earth falls from the cart or wagon perpendicularly, and in the other it descends at an angle. By the law of gravitation the injury is as direct and certain in one case as the other. In both cases it is a direct encroachment upon the soil of the adjacent lots by depositing that upon the earth which was not there before. We have found no case, after diligent search, where it has been held this may be done. On the contrary, many cases recognize a different doctrine."

In *Waldron* v. *Haverhill*, 143 Mass. 582, the court say that:

"If a city or town, instead of leaving the duty of keeping the highways in repair to be performed by the officers, and in

the methods provided by the general laws, assumes to perform it by means of agents whom it may direct and control, it may be held responsible for the acts of those agents. The chief grounds of a town's exemption from responsibility for the acts of surveyors of highways, as stated in *Walcott* v. *Swampscott*, 1 Allen, 101, and in later cases, are, that their powers and duties are prescribed and regulated by statute, and that, in the performance of these duties, they are independent of the town and cannot be directed or controlled or removed from office by the town, and are not amenable to it for the manner in which they discharge the trust reposed in them by law ; nor can the town exercise any right of selecting the servants or agents by whom surveyors shall perform their work. These reasons are not applicable to a case where a town performs the work by means of agents of its own ; " citing *Hawks* v. *Charlemont*, 107 Mass. 414 ; *Deane* v. *Randolph*, 132 Mass. 475 ; *Sullivan* v. *Holyoke*, 135 Mass. 273 ; *Tindley* v. *Salem*, 137 Mass. 171, in support of this doctrine.

*Smith* v. *Tripp, City Treasurer,* 13 R. I. 152, relied on by defendant's counsel in support of his demurrer, is clearly distinguishable from the case before us. In that case the gravamen of the charge was that the defendant had failed to perform its statutory duty to keep the street in question in proper repair, and that by reason of such neglect surface water had been wrongfully allowed to flow therefrom upon plaintiff's land, to his damage.

The court held, and very properly, that as the plaintiff's case was based upon the failure of the city to discharge a statutory duty, it was not enough to simply state a relation from which a duty might arise under certain circumstances, but that unless the duty necessarily resulted from the relation, the circumstances which gave rise to it must likewise be stated. That is, that in such a case the plaintiff must state how the defendant became bound to use care to prevent injury to the plaintiff.

In the case before us the duty of the defendant city to use due care in the premises necessarily resulted from the relation which it sustained to the plaintiff in connection with the

doing of its work on said streets; and hence there was no occasion for the plaintiff to set forth how it became bound to use such care.   The demurrer is therefore overruled.

The declaration in the second case submitted, namely, that of Farrell J. Mitchell against J. Ellis White, City Treasurer, is substantially similar to that which we have already considered, and hence what we have said in the foregoing opinion is also applicable to that, and the demurrer in that case is also overruled and the cases are each remanded to the Common Pleas Division for further proceedings.

*Hugh J. Carroll*, for plaintiffs.

*Edward W. Blodgett, City Solicitor of Pawtucket*, for defendant.