EDNA J. BRYANT *vs.* INHABITANTS OF WESTBROOK.

Cumberland. Opinion May 29, 1894.

*Towns. Municipal Officers. Way. Cess-Pool. R. S., c. 3, § 14.*

The statute provides for the election or appointment of road commissioners, or surveyors of highways, whose duty it is to open and keep in repair public ways legally established within their districts.

Municipal officers are not clothed with general powers nor are they the general agents of the municipality for which they act.

Where municipal officers assume the construction or repair of highways or streets, they act, in the absence of any express statute or direction in behalf of the municipality, as public officers; and not as agents or servants of the town; and for such acts the town is not liable.

*Held,* in this case, that the municipal officers were not acting as a tribunal in relation to the location or construction of a common sewer, but were repairing the street and making provisions for the disposition of surface water in building the catch-basin and connecting it, by permission with the plaintiff's private drain.

ON MOTION.

The case appears in the opinion.

*Frank and Larrabee,* for plaintiff.

*Wm. Lyons,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J. This is an action on the case to recover damages for injuries to the plaintiff's dwelling-house, occasioned, as it is alleged, by the negligent construction and maintenance of a catch-basin by the defendant town.

The plaintiff built upon a street which had not, at the time, been accepted by the town, and constructed a private drain from the cellar to the street, and thence down the same to Beaver Pond. The street was afterwards accepted by the town. It was necessary, owing to the condition of the land at that place, that there should be some means provided for draining off the surface water, and after consultation with the husband and agent of the plaintiff, permission was given to the municipal officers

to drain the surface water of the street into this private drain by constructing a catch-basin over the same in the ditch by the side of the street, which was accordingly done.

The plaintiff, assuming that the negligence in the construction and maintenance of the catch-basin was legally attributable to the town, bases her claim upon the assumption that the municipal officers, by whose direction the catch-basin was constructed, sustain to the town the relation of an agent to his principal, and that the rule *respondeat superior* applies, even though they conduct themselves negligently or unskilfully.

It is not claimed that the statute gives a remedy against the town to any one injured by reason of the negligence, inefficiency or want of skill in this matter. Hence this action was brought based upon the common law, and a verdict of $1016.66 was recovered which the defendants ask to have set aside as being against law and evidence.

There is no evidence of any vote of the town in relation to this street, or the actions of the municipal officers, except a vote, " to accept when dedicated by metes and bounds in writing and graded satisfactory to the selectmen."

No question is raised as to the acceptance of the street, or that the catch-basin was constructed by direction of the municipal officers. But it does not appear from the evidence whether the town had chosen road commissioners or highway surveyors, or whether the municipal officers had been appointed surveyors, as provided by R. S., c. 3, § 14, and were acting in that capacity in constructing this catch-basin.

The plaintiff's drain over which this catch-basin was built was not a public drain or common sewer within the meaning of the statute and never became such ; consequently the town was not responsible in regard to maintaining and keeping the same in repair. *Bulger* v. *Eden*, 82 Maine, 352. The municipal officers in whatever was done, were not acting as a tribunal in relation to the location or construction of a common sewer, but were repairing the street and making provisions for the disposition of surface water in building this catch-basin and connecting it, by permission, with the plaintiff's private drain.

Notwithstanding this catch-basin may have been improperly and unskilfully constructed, and the plaintiff have suffered special injury thereby, the question presented is, whether the town can be held liable in this action.

The answer to that question will be solved in determining whether the municipal officers, in doing what they did, were acting as servants or agents of the town, and for whose negligence or want of skill in the performance of their acts the town would be liable; or as public officers, for whose acts, in the absence of any express statute, or direction on behalf of the municipality, there is a want of corporate liability.

. These two phases of character presented by the decisions, and the pecular liabilities in reference to the different capacities of officers, whether as agents of the town, or public officers, are fully recognized and established in this and other States. As to the first, may be noted, *Anthony* v. *Adams*, 1 Met. 284; *Seele* v. *Deering*, 79 Maine, 347; *Hawks* v. *Charlemont*, 107 Mass. 414; *Deane* v. *Randolph*, 132 Mass. 475; *Waldron* v. *Haverhill*, 143 Mass. 582; *Doherty* v. *Braintree*, 148 Mass. 495. As to the second, *Small* v. *Danville*, 51 Maine, 359; *Mitchell* v. *Rockland*, 52 Maine, 118; *Cobb* v. *Portland*, 55 Maine, 381; *Woodcock* v. *Calais*, 66 Maine, 234; *Farrington* v. *Anson*, 77 Maine, 406; *Bulger* v. *Eden*, 82 Maine, 352; *Goddard* v. *Harpswell*, 84 Maine, 499, and many other cases.

The distinction between the authorities which decide in reference to the liability and non-liability of towns for the unauthorized or wrongful acts of its officers is to be found, on the one hand, where the town has interfered by giving directions, or taken charge of the work by its own agents; and, on the other hand, where there has been no such interference, but the work has been left to be done by public officers in the methods provided by law.

The statute provides for the election or appointment of road commissioners or surveyors of highways whose duty it is to open and keep in repair public ways legally established within their districts. Though chosen and paid by the town and supplied with the necessary funds for the performance of their

duties, yet these officers do not sustain the relation of servants or agents of the municipality by whom they are chosen and paid, rendering their principals liable for their acts. They are a part of the municipal government, chosen by the town in the performance of a public duty imposed by general law, and not for its own private advantage.

Among other public duties imposed by law upon municipalities is that of locating, making and repairing highways. In the performance of these duties the town is acting only as the political agent of the State; and for its own convenience it is authorized to confide this power upon certain officers whose duties are defined by statute. As was said by this court in *Small* v. *Danville*, 51 Maine, 359 : "The duties of such officers are defined and imposed by public statutes, and not by their respective constituencies. The duty of the constituency in these political divisions is to elect their officers; that of the officers is to obey the public statutes. The officers thus chosen are *public* officers to all intents and purposes; as clearly so as higher officers of the State in their sphere. In legal contemplation they are not servants, or agents of their respective towns, but public officers. Being public officers of a public corporation, acting in its capacity as a public division, the corporation is not liable for their unauthorized or wrongful acts, though done in the course and within the scope of their employment."

But unquestionably a town may render itself liable even for the unauthorized or unlawful acts of such officers in the performance of corporate duties imposed by law upon the town, provided such acts are done by its direct authority previously conferred or subsequently ratified. *Woodcock* v. *Calais*, 66 Maine, 234, and cases cited.

This, however, is not upon the ground that the officers, as such, were the agents or servants of the town, but that by the town's interference and direction it has made them such, and therefore rendered itself liable for their acts.

Thus, where a town or city undertakes to perform a duty imposed upon it by law, by means of agents whom it may direct or control, it is held responsible for the acts of such agents, as

in the case last cited.  And upon this principle it has been decided that where a town, although it had duly chosen surveyors of highways, voted that the selectmen should be its agents to repair the highways and bridges, it was responsible for their negligence and wrong doing.  *Hawks* v. *Charlemont*, 107 Mass. 414; *Deane* v. *Randolph*, 132 Mass. 475; *Waldron* v. *Haverhill*, 143 Mass. 582; *Doherty* v. *Braintree*, 148 Mass. 495.

In the present case there is no evidence that the town ever directed, or undertook to perform, the work which is here complained of, unless it is to be held that the acts of the municipal officers in constructing the catch-basin were the acts of the town.

With no corporate action or direction given on the part of the town, and no subsequent ratification, these acts were not those of servants or agents of the town, but rather those of public officers, and for which the town cannot be held liable.

While it is true that municipal officers are chosen and paid by the town, and for many purposes its agents, as in making contracts within the scope of their authority concerning the affairs of the town, and in respect to such matters as are provided by statute to be by them performed, yet they do not sustain this relation in reference to these particular acts in question.  Their powers and duties are not very fully defined by statute.  Many of their acts in behalf of towns, and which are recognized as appropriately within the sphere of their duty, have their origin in long-continued usage.  This is especially true in relation to the management of the prudential affairs of the town, and which necessarily requires the exercise of a large discretion, and in relation to which it would be difficult if not impossible by positive enactment to place definite limits to their powers and duties.  But they are not clothed with the general powers nor are they the general agents of the municipality for which they act.  They can only exercise the powers which are incident to the limited authority conferred upon them by their office, and are special agents, with power to do such acts as are required to meet the exigencies that may arise in town affairs.

*Smith* v. *Cheshire*, 13 Gray, 318 ; *Clark* v. *Russell*, 116 Mass. 455. Thus in *Carlton* v. *Bath*, 22 N. H. 559, it was held that selectmen have not, by their general power to manage the prudential affairs of a town, authority to release, without consideration, a cause of action in favor of a town. Nor, by virtue of their office, without a vote of the town, to borrow money upon the credit of the town. *Rich* v. *Errol*, 51 N. H. 350.

Here was no such temporary emergency as can be claimed or said to require action on their part in the performance of duties that, by general law, devolved on those especially elected or chosen for such purposes. The town might, by express direction, or subsequent ratification, have made them its agents in reference to making or repairing this street, or in making provisions for the disposition of the surface water. But no such direction is shown, and no evidence from which a ratification can be legitimately inferred. If we are to assume that the municipal officers were acting in the capacity of surveyors of highways, then certainly they were public officers, acting in that capacity, and for whose negligence or want of skill in the performance of their duties the town would not be responsible. *Walcott* v. *Swampscott*, 1 Allen, 101 ; *Small* v. *Danville*, *supra*.

In *Bates* v. *Westborough*, 151 Mass. 174, the court say : "It may be that defects in such a catch-basin are to be regarded as defects in surface drainage within the limits of the highway, and therefore as defects in the repair of the highway, the charge of which is committed by statute to the highway surveyors. Highway surveyors in the performance of their statutory duties are held to be public officers, and not agents of the town, partly because of the town's want of control over them, and partly because the duty to repair the surface of highways is regarded as a public duty, from which the town derives no special advantage in its corporate capacity."

It becomes unnecessary to determine whether or not there was negligence or unskillfulness in the construction of the catch-basin, as we are satisfied that the verdict cannot be sustained for the reasons we have stated.

*Motion sustained.*