WILLIAM F. SEELE *vs*. INHABITANTS OF DEERING.

Cumberland.    Opinion April 5, 1887.

*Town.  Nuisance.*

A town is not liable for acts which result in creating a nuisance to the property of one of its citizens, when the acts complained of are not within the scope of its corporate powers.

ON exceptions from the superior court.

An action on the case for creating a nuisance. At the return term the defendants filed a demurrer to the declaration, which was joined. The presiding justice sustained the demurrer and adjudged the declaration bad. To this ruling the plaintiff alleged exceptions.

The opinion states the point.

*John J. Perry and D. A. Meaher*, for plaintiff.

A demurrer admits all such matters of fact as are sufficiently pleaded. *Lowell* v. *Morse*, 1 Met. 475; *T. & G. Railroad* v. *Newton*, 1 Gray, 544.

A general demurrer to a declaration containing several counts will be overruled if one of the counts is good. *Dole* v. *Weeks*, 4 Mass. 451; *Swett* v. *Patrick*, 11 Maine, 181; *Blanchard* v. *Hoxie*, 34 Maine, 376; *N. E. Bank* v. *Abell*, 63 Maine, 346.

"The causing or suffering any offal, filth, noisome substance to collect, or remain in any place to the prejudice of others; . . the corrupting or rendering unwholesome or impure the water of a river, stream or pond; the unlawfully diverting it from its natural course or state, to the injury or prejudice of others are nuisances." R. S., c. 17, § 5.

Any person injured in his comfort, property or the enjoyment of his estate by a common and public,—or by a private nuisance, may maintain against the offender an action on the case for his damages, unless otherwise specially provided. R. S., c. 17, § 12.

There has been a series of cases in this state in which the court has decided that cities and towns are not liable for the, unlawful acts of health officers in providing for "small pox' patients, and further guarding against the spread of the disease. *Mitchell* v. *Rockland*, 52 Maine, 118; *Brown & als* v. *Vinalhaven*, 65 Maine, 402; *Lynde* v. *Rockland*, 66 Maine, 309; *Barbour* v. *Ellsworth*, 67 Maine, 294. A careful examination of these cases will show, that there was no question of law involved, applicable to the case.

This court has decided at least in one case, a town is liable for the "unauthorized" acts of its officers. *Dover* v. *Robinson & al.* 64 Maine, 183.

And where a street commissioner in removing a fence, appropriated land outside of the limits of the street, it was held that the city under whose authority and by whose direction he was acting, was liable for damages to the owner. *Woodcock* v. *Calais*, 66 Maine, 234.

And in Massachusetts, where the agent of a town in repairing a highway entered a close without the consent of the owner and

took away stone to repair a bridge, it was held that the town was liable in tort to the owner of the close. *Hawks* v. *Charlemont*, 107 Mass. 414.

These *quasi* corporations are liable for an act done by the officers having competent authority. 1st, either by express vote of the city government; or 2nd, by the nature of the duties and functions by which they are charged by their offices to act upon the general subject matter; or 3rd, if the act was done, with an honest view to obtain for the public some lawful benefit or advantage; and 4th, if their acts were ratified by the towns or cities for whom they were acting. *Thayer* v. *Boston*, 19 Pick, 511; *Dayton* v. *Pease*, 4 Ohio, 80.

An action of tort lies against a city by the owner of land, through which its agents have unlawfully made a sewer. *Hildreth* v. *Lowell*, 11 Gray, 345.

A municipal corporation which creates a private nuisance is *prima facie* liable for its continuance. *Pennoyer* v. *Saginaw*, 8 Mich. 534.

"If a city or town negligently constructs or maintains . . culverts in a highway . . across a natural watercourse so as to cause the water to flow back upon and injure the land of another it is liable to an action of tort to the same extent that any corporation or individual would be liable for doing similar acts." *Anthony* v. *Adams*, 1 Met. 284; *Lawrence* v. *Fairhaven*, 5 Gray, 110; *Perry* v. *Worcester*, 6 Gray, 544; *Parker* v. *Lowell*, 11 Gray, 353; *Wheeler* v. *Worcester*, 10 Allen, 591.

So if a city by its agents, without authority of law makes or empties a common sewer on the property of another to his injury it is liable to him in an action of tort. *Locks, &c.* v. *Lowell*, 7 Gray, 223; *Hildreth* v. *Lowell*, 11 Gray, 345; *Haskell* v. *New Bedford*, 108 Mass. 208.

For neglect in the construction or repair of any particular sewer whereby private property is injured an action may be maintained against a city or town. *Child* v. *Boston*, 4 Allen, 41; *Emery* v. *Lowell*, 104 Mass. 13; *Merrifield* v. *Worcester*, 110 Mass. 216; *Hill* v. *Boston*, 122 Mass. 344.

Taking the decisions of the courts in this and other states already cited, it settles the question of liability of the defendant town. See *Woodcock* v. *Calais*, 66 Maine 234; *Hawks* v. *Charlemont*, 107 Mass. 414; *Thayer* v. *Boston*, 19 Pick. 511; *Hildreth* v. *Lowell*, 11 Gray, 345.

*Nathan and Henry B. Cleaves* and *Drummond and Drummond*, for the defendants cited: *Hooper* v. *Covington*, 6 Supreme Court Reporter, 1026; *Cole* v. *Sprowl*, 35 Maine, 161; *Norcross* v. *Thoms*, 51, Maine, 504; *Brayton* v. *Fall River*, 113 Mass. 229; *Hooper* v. *Emery*, 14 Maine, 375; *Lemon* v. *Newton*, 134 Mass. 479; *Davis* v. *Bangor*, 42 Maine, 522; *Small* v. *Danville*, 51 Maine, 359; *Lynde* v. *Rockland*, 66 Maine, 309; *Cushing* v. *Bedford*, 125 Mass. 526; *Kean* v. *Stetson*, 5 Pick. 492; *Anthony* v. *Adams*, 1 Met. 284; *Walcott* v. *Swampscot*, 1 Allen, 102; *White* v. *Phillipston*, 10 Met. 110; *Woodcock* v. *Calais*, 66 Maine, 234; *Hawks Charlemont*, 107 Mass. 418; *Johnston* v. *District Columbia*, 22 Reporter, 80.

VIRGIN, J. Assuming — what the demurrer admits — the allegations in the declaration to be true, it is obvious that a most unmitigated nuisance has been created on and about the premises of the plaintiff to his great injury; and were the defendant an incorporated city, its alleged acts would constitute *prima facie* such a cause of action as might render it liable in the absence of any justification (*Cumb. & Oxf. Can. Co.* v. *Portland*, 62 Maine, 505); but we have looked in vain through both counts for any allegations which in our view render the defendant town liable for the alleged acts which have resulted so injuriously to the plaintiff's property.

The authority and liability of our *quasi* public corporations known as towns as distinguished from municipal corporations incorporated under special charters, are generally only such as are defined and prescribed by general statutory provisions. Some things they may lawfully do and others they have no authority for doing. To create a liability on the part of a town not connected with its private advantage, the act complained of

must be within the scope of its corporate powers as defined by the statute. If the particular act relied on as the cause of action be wholly outside of the general powers conferred on towns, they can in no event be liable therefor whether the performance of the act was expressly directed by a majority vote or was subsequently ratified. *Morrison* v. *Lawrence*, 98 Mass. 219.

So a town is not liable for the unauthorized and illegal acts of its officers even when acting within the scope of their duties. *Brown* v. *Vinalhaven*, 65 Maine, 402; *Small* v. *Danville*, 51 Maine, 359; but it may become so when the acts complained of were illegal but done under its direct authority previously conferred or subsequently ratified. *Woodcock* v. *Calais*, 66 Maine, 234 and cases there cited.

The difficulty with the counts is that the allegations therein do not bring the acts complained of within the scope of the corporate powers of the town, or aver that they were performed by its officers in the execution of any corporate duty imposed by law upon the town. *Anthony* v. *Adams*, 1 Met. 284. There is no intimation that the acts were done in connection with the making or repairing of any highway or town-way which the law imposed upon the town, or in relation to any drain or sewer laid out or attempted to be laid out by the town authorities under R. S., c. 16, for which it might under certain circumstances become liable. *Estes* v. *China*, 56 Maine, 407; *Franklin Wharf Co.* v. *Portland*, 67 Maine, 46; or in emptying a common sewer upon the property of the plaintiff outside of the public works, as in *Propr's L. & C.* v. *Lowell*, 7 Gray, 223. But the principal allegations are that the defendants "wrongfully opened and dug a ditch across the main road . . in Deering and into an artificial ditch in the rear of a tripe and bone boiling establishment from which a cess-pool of stagnant and filthy water was then and there collected and then and there continued said ditch across the land of Samuel Jordan two hundred feet in the direction of the plaintiff's land and out of the natural course of said water and on to the plaintiff's land and along through the same into his mill pond."

It is quite evident that a town, independent of any statutory

authority, has no corporate power to dig ditches across another's land.  Such an act is *ultra vires*; and any express majority vote based on a proper article in a warrant calling a meeting of the defendants directing such acts, would create no liability on the part of the town.  *Cushing* v. *Bedford*, 125 Mass. 526; *Lemon* v. *Newton*. 134 Mass. 476.

Whether or not the declaration can be amended so as to make the town liable, we cannot in the absence of a knowledge of the facts now determine.

*Exceptions overruled.*

PETERS, C. J., LIBBEY, EMERY and HASKELL, JJ., concurred.

WALTON, J., did not sit.