ALFRED G. BULGER *vs.* INHABITANTS OF EDEN.

Hancock. Opinion February 17, 1890.

*Towns.* Drains and sewers. Municipal officers,—their torts, and liabilities of
towns. R. S., c. 16, §§ 2, 9; Laws of 1844, c. 94; 1860, c. 153.

Provision being made by general statute law for the laying out and construc-
tion of public drains and sewers by municipal officers, a town has no such
authority incidental to its corporate powers, or in the exercise of its corpor-
ate duties.

The municipal officers in the performance of these duties act not as agents of
the town but as public officers, and do not therefore render their town liable
for their acts.

It is only when such drains have been constructed and persons have paid for
connecting with them, as provided by R. S., c. 16, § 9, that a town becomes
responsible in regard to maintaining and keeping the same in repair, and
assumes responsibilities in reference thereto.

The liabilities of municipal corporations, for the torts or negligent acts of
their officers, stated.

ON REPORT.

This was a special action on the case against a town for creat-
ing and maintaining a nuisance in a public street, by means of a
drain or sewer built there by its municipal officers. If the action
could be maintained upon the facts in the declaration, it was to
stand for trial; otherwise the plaintiff was to become non-suit.

(Declaration.)

In a plea of the case; for that the plaintiff alleges that he is, and
for a long time prior to Dec. 12th, A. D. 1887, has been in law-
ful possession and occupation of a certain building used for a
store and tenement and situated on Cottage street, in said Bar
Harbor, and in the lawful enjoyment of the use, profits and
emoluments thereof; that said Cottage street is a town way of
said town of Eden, legally laid out, accepted and used by said
town, and one which the said town is obliged by law to keep in
repair; that said Cottage street is the only way leading to said
building and the only approach to and from the same for the
plaintiff and his customers with horses, teams and carriages to
pass to and from said building.

That on said twelfth day of December, 1887, the said town while in the course of constructing a public sewer in the middle and throughout the length of said Cottage street, under and by virtue of the statutes of this state, unlawfully and unjustifiably and without sufficient cause, entered upon said street and dug up, destroyed and ploughed the same to a great depth, to wit: to the depth of eight feet and for the whole width thereof, and extending from Main street, so called, along said Cottage street the whole length thereof.

And the surface of said street so dug up and destroyed, said town filled with farm dressing; and the said street so dug up and destroyed and made offensive, was left so remaining by said town for a great and unreasonable space of time, to wit: for the space of five months. And the plaintiff alleges that the destruction and filling with dressing of the whole length of said street, as aforesaid, at one time and the allowing said street to remain in said condition for the time aforesaid, while building said sewer, was a great and unwarrantable nuisance and caused the plaintiff great damage in his comfort, property and in the enjoyment of his estate, in that his progress to and from his said property was impeded, and his personal comfort injured, the use of his said store embarrassed and he deprived of his legitimate profits and emoluments from the use of his said store property, to the damage of said plaintiff, etc.    *    *    *

*Wiswell, King and Peters*, for plaintiff.

Such use of the street was a nuisance. R. S., c. 17, § 5. Damages to an abutter are peculiar, direct and substantial. Dill. Mun. Corp. § 730 and cases cited in note. Angell Highways, p. 265.

Non-liability of towns for neglect of corporate duty, not of universal application. Dill. Mun. Corp. § 964. This rule of law is of limited application. *Bigelow* v. *Randolph*, 14 Gray, 541.

This case within the exceptions. Town liable for nuisance done within the scope of its municipal powers. *Seele* v. *Deering*, 79 Maine, 346; *Rowe* v. *Portsmouth*, 56 N. H. 291; *Pennoyer* v. *Saginaw*, 8 Mich. 534. Laying out of sewers and drains a corpor-

ate right within the general powers conferred on towns. Built by selectmen as agents, but not so far agents of the state, as to relieve towns of all liability for their acts. *State* v. *Portland*, 74 Maine, 272. Towns held liable where public officers entrusted with care of streets violate the law in carrying out the directions of the corporation. *Woodcock* v. *Calais*, 66 Maine, 234; *Thayer* v. *Boston*, 19 Pick. 511.

These exceptions apply to officers laying out sewers as well as laying out ways. Acts complained of not naked trespasses outside the line of duty, but within the powers and duties of *quasi* corporations, and actively to a branch of their executive government. Otherwise, towns could throw all liability on irresponsible officers, and retain advantage of improvements. Town liable if it interferes, authorizes and directs such a nuisance, as here. *Woodcock* v. *Calais, supra.* Also, liable if the acts were done in forwarding the private advantage of the town. *Small* v. *Danville*, 51 Maine, 359. The declaration will permit us to prove the acts complained of were to save cost in construction of a sewer. *Bailey* v. *Mayor*, 3 Hill, 531; *Conrad* v. *Trustees, etc.*, 2 Smith, 158; *Mayor* v. *Furze, etc.*, 3 Hill, 612.

*Deasy and Higgins*, for defendant.

FOSTER, J. The facts stated in the plaintiff's declaration present an action on the case against the defendant town for damages caused by the negligent construction of a public sewer in a public street. The alleged negligence consists in the great length of time during which the street was dug up, and in filling the excavation with farm dressing, thereby creating a nuisance by which the plaintiff suffered special damages in his business, comfort, property and the enjoyment of his estate, and for which he claims to be entitled to recover of the defendant town. If the town is liable upon the facts set out in the declaration, the action is to stand for trial; otherwise the plaintiff is to become non-suit.

It is not denied that whatever was done, and for which it is claimed that the town should be held liable, was done by the municipal officers. The allegation in the writ is that the "town

while in the course of constructing a public sewer in the middle and throughout the length of said Cottage street, under and by virtue of the statutes of this state, unlawfully, unjustifiably and without sufficient cause, entered upon said street and dug up, destroyed and ploughed the same," etc.

While admitting the general doctrine that no private action can be maintained against a town or *quasi* public corporation for a neglect of corporate duty unless such right of action be given by statute, the plaintiff's contention is, that if a town, while acting within the scope of its municipal power, creates a nuisance to the injury of an individual, it is liable in damages therefor.

If we concede the correctness of the plaintiff's proposition, then the difficulty of maintaining this action is by no means removed, inasmuch as the allegations contained in the declaration do not bring the acts complained of within scope of the corporate powers of the town; nor is there any allegation that such acts were performed by its officers in the discharge of any corporate duty imposed by law upon the town. *Seele* v. *Deering*, 79 Maine, 347; *Anthony* v. *Adams*, 1 Met. 284. The town has no duty whatever in relation to the construction of public drains or sewers which renders it liable in an action like the present. The municipal officers of towns are constituted a tribunal by the statutes of this state, whose duty it is, whenever they deem it necessary for public convenience or health, to construct public drains or sewers along or across any public way at the expense of the town, and to have control of the same. R. S., c. 16, § 2. Laws of 1844, c. 94. Laws of 1860, c. 153. *Estes* v. *China*, 56 Maine, 410.

The earlier enactments, of which the present statute is only a condensation, upon examination will be found to contain directions to the municipal officers as to the manner in which they shall construct such drains. There is no general statute authorizing towns in their corporate capacity to lay out or construct drains or sewers, as there is respecting ways. It is only when such drains have been constructed and persons have paid for connecting with them, as provided in § 9, that the town becomes responsible in regard to maintaining and keeping the same in repair, and assumes responsibilities in reference thereto.

*Blood* v. *Bangor*, 66 Maine, 154; *Darling* v. *Bangor*, 68 Maine, 110. Provision being made by general statute law for the laying out and construction of public drains and sewers by the municipal officers, no such authority can properly be claimed as necessarily incident to the town in the exercise of its corporate powers, or the performance of its corporate duties. The municipal officers in the performance of these duties and in the exercise of the authority with which they are invested by general law, act not as agents of the town but as public officers, deriving their power from the sovereign authority. They act upon their own responsibility and are not subject either to the control or direction of the inhabitants of the town, "but are an independent board of public officers, vested by law with the control of all matters within their jurisdiction, and performing duties imposed by general law." *Brimmer* v. *Boston*, 102 Mass. 22; *Burrill* v. *Augusta*, 78 Maine, 118; *Woodcock* v. *Calais*, 66 Maine, 235; *Estes* v. *China, supra; Lemon* v. *Newton*, 134 Mass. 479; *Child* v. *Boston*, 4 Allen, 41; *Tindley* v. *Salem*, 137 Mass. 173-4; *Cushing* v. *Bedford*, 125 Mass. 528.

Though chosen and paid by the town, and for many purposes its agents, (as in making contracts within the scope of their authority about the affairs of the town, or acting under the direction of the town in matters pertaining to its corporate duties, *Deane* v. *Randolph*, 132 Mass. 475,) yet these officers do not sus tain this relation in reference to these particular duties in question. In this respect they are a part of the municipal government, in the performance of their public duties, and are not servants or agents of the municipality by whom they are chosen and paid, rendering their principals liable for their acts, any more than are officers of a fire department, (*Burrill* v. *Augusta*, 78 Maine, 118; *Hafford* v. *New Bedford*, 16 Gray, 297); or surveyors of highways and street commissioners when making, repairing or otherwise performing their official duties upon highways or streets, (*Small* v. *Danville*, 51 Maine, 359; *Woodcock* v. *Calais*, 66 Maine, 235; *Walcott* v. *Swampscott*, 1 Allen, 101; *Barney* v. *Lowell*, 98 Mass. 570); or health officers, or municipal officers in the discharge of their duties in relation to contagious diseases,

(*Mitchell* v. *Rockland*, 52 Maine, 118; *Brown* v. *Vinalhaven*, 65 Maine, 402; *Barbour* v. *Ellsworth*, 67 Maine, 294); or police officers, (*Cobb* v. *Portland*, 55 Maine, 381; *Buttrick* v. *Lowell*, 1 Allen, 172); or overseers of the poor, (*Farrington* v. *Anson*, 77 Maine, 406; *New Bedford* v. *Taunton*, 9 Allen, 207); in all of which there is an absence of corporate liability; nor can third persons, injured either by the negligence, carelessness or unskilfullness of such officers while in the performance of duties imposed upon them by the statutes in such cases, invoke against their municipality the rule of *respondeat superior*.

The liabilities of municipal corporations for the torts or negligent acts of their officers are fixed by statute. They are to be held liable for the negligence or misconduct of their officers only when made so by express statute, or the act out of which the claim originates was within the scope of their corporate powers, and was directly and expressly ordered by the corporation. *Burrill* v. *Augusta*, *supra*; *Woodcock* v. *Calais*, *supra*; *Anthony* v. *Adams*, *supra*; *Deane* v. *Randolph*, 132 Mass. 475; *Seele* v. *Deering*, *supra*.

A case very analagous to this in principle is *Cushing* v. *Bedford*, 125 Mass. 526. There by statute the selectmen of towns were authorized to establish and maintain such public drinking troughs and fountains, within the public highways of their towns, "as in their judgment the public necessity and convenience may require;" and the towns were authorized to raise and appropriate money to pay the expense thereof. "These provisions," say the court, "make the selectmen a board of public officers charged with this duty; they are not agents of the town, but they represent the general public." And the court further held that the towns, in their corporate capacity, had not been given the right by statute to construct drinking troughs in the public highways, and that the "town cannot therefore be charged with having created a nuisance, from which the plaintiff suffered special injury."

Of course, the rule we have been considering has no application and does not exempt municipal corporations from liability to which other corporations are subject, for negligence in managing or dealing with property held by them for their own advantage

or emolument, and not in the discharge of public duty, nor for the direct and immediate use of the public. *Moulton* v. *Scarborough*, 71 Maine, 269, and cases there cited; *Thayer* v. *Boston*, 19 Pick. 511; *Hand* v. *Brookline*, 126 Mass. 324.

Nor is this case governed by the principles, enunciated in another class of decisions, where cities and other municipalities have been held chargeable for negligence in the construction of sewers, or other particular works, on account of some provision in their charter or ordinances,—or where authorized by some special statute to construct such works and from which to receive profits as a private corporation might, and when they have, therefore, assumed duties and liabilities by the acceptance of obligations not imposed by general law, as in the case of *Murphy* v. *Lowell*, 124 Mass. 564; *Emery* v. *Lowell*, 104 Mass. 15; *Child* v. *Boston*, 4 Allen, 41, 52; *Merrifield* v. *Worcester*, 110 Mass. 218; *Oliver* v. *Worcester*, 102 Mass. 500. And see also *Hill* v. *Boston*, 122 Mass. 358, 359; *Tindley* v. *Salem*, 137 Mass. 172; *Bigelow* v. *Randolph*, 14 Gray, 543. In such cases the work is not purely for the direct and immediate use of the public alone, but partly commercial in its character, in which some benefit accrues to the municipality by way of consideration for the conveniences afforded to those who are willing to pay for them.

Thus in *Emery* v. *Lowell, supra,* Gray, J., says: "A municipal corporation, voluntarily accepting a statute which authorizes it to make common sewers and to assess the expense thereof on lands benefited thereby, is not exempt from liability to private actions by persons injured by its negligence in exercising the power so granted and accepted, to the same extent as it is in the performance of duties imposed upon it by general law, exclusively for public purposes, and without its corporate assent."

It is there held, as also in *Child* v. *Boston, supra,* that after a common sewer has been constructed, and become the property of the municipality under special authority conferred and accepted, it then becomes the duty of such municipality to maintain and keep the same in repair, and for any neglect of which it would be liable to any person injured.

And such have been the decisions of our own court in *Blood* v.

*Bangor*, 66 Maine, 154; *Darling* v. *Bangor*, 68 Maine, 110, and. *Estes* v. *China*, 56 Maine, 407, in reference to the liability of towns in maintaining and keeping in repair public drains and sewers after the same have been constructed by the municipal officers, and the town has received compensation from persons for connecting with the same under § 9, c. 16, R. S., which provides that "After a public drain has been constructed, and any person has paid for connecting with it, it shall be constantly maintained and kept in repair by the town," etc.

The allegations in the plaintiff's declaration have reference only to the acts of the "town while in the course of constructing a public sewer, * * * * under and by virtue of the statutes of this state," and not to any dereliction of duty, on the part of the town, in maintaining or keeping the same in repair after its construction by the tribunal authorized by general statute to construct it.

The town is not liable in tort for damages resulting to the plaintiff from the work done by its officers in the discharge of a public duty imposed upon them by a general law.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY and EMERY, JJ., concurred.