WILLIAM J. MAINS *vs.* INHABITANTS OF FORT FAIRFIELD.

Aroostook.    Opinion September 23, 1904.

*Liability of Towns in Tort.    Municipal Officers.    Constable.    Nuisance.*

1.  In this state towns are incorporated for two distinct purposes, one for the particular welfare of their own inhabitants, the other for the general welfare. In pursuing the one they may be liable in contract or tort at common law for the acts or omissions of officers appointed by them. In pursuing the other purpose they are not so liable.

2.  So officers appointed by a town may be agents for whom the town is liable at common law, or may be simply public officers for whom the town is not liable (unless made so by statute), according as their duties are merely municipal or are public duties.

3.  In maintaing a police "lockup" a town is pursuing not a municipal purpose but a public purpose, viz: the maintenance of the justice and peace of the state, and hence in the absence of any statute imposing liability the town is not liable for the neglect of its selectmen in the care of it.

4.  A constable committing a prisoner to the town "lockup", as a place of detention, acts for the state and under its authority, if any. He does not act for the town nor under its authority, though he may have received his appointment from the town.

5.  So long as a building owned and maintained by a town for a police "lockup" is not injurious nor offensive nor dangerous to any property or person except to such as enter within, whether willingly or unwillingly (not being compelled nor invited by the town), it is not a nuisance, nor is the town liable therefor in an action of nuisance.

6.  The fact that a prisoner committed by a constable to a town "lockup" suffered damage from its neglected condition does not make the town liable to an action therefor.

On report.    Plaintiff nonsuit.

Action on the case to recover damages for injuries to the health of the plaintiff alleged to have been caused by the foul, offensive and unhealthy condition of the "lockup" of the defendant town, and in which the plaintiff was confined for several hours, for safe keeping, by a constable of the defendant town, pending plaintiff's arraignment on a charge of intoxication.    Plea, general issue.

This action came on for trial at the December term, 1903, of the Supreme Judicial Court, in Aroostook County, and after the plaintiff's evidence had been taken out, the case was withdrawn from the jury and reported to the Law Court under the stipulation that "if the Law Court is of the opinion that the action is maintainable against the town upon this evidence, the action will stand for trial; but if it is of the opinion that the town is not liable, then the plaintiff is to be nonsuit."

The case is sufficiently stated in the opinion.

*Ira G. Hersey, Louis C. Stearns, J. E. Magill,* for plaintiff.

*Herbert W. Trafton, Powers & Archibald,* for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

EMERY J. The town of Fort Fairfield in pursuance of an appropriate article in the warrant for the town meeting voted to raise money "for the purpose of building a lock up," or town jail. In pursuance of this vote the selectmen erected a building of two stories, the lower for use as a "lock up" or town jail, the upper for use as a court room by trial justices. No part of the building was designed or used for any other purposes. Little or no care was taken of the lower story after the erection of the building and it had become very foul, offensive and unhealthy to persons who might be confined therein. The plaintiff was arrested one evening by a constable of Fort Fairfield for intoxication, and confined in this lock up for the night for safe-keeping until he could be arraigned the next morning. From the foul condition of the lock up the plaintiff suffered injury by his confinement therein for the night, and to recover compensation for this injury he has brought this action against the town of Fort Fairfield.

No statute is cited imposing on towns the duty of erecting town jails or of keeping them in clean, healthy condition when voluntarily erected; nor is any statute cited granting any right of action against towns for injuries received from the unhealthy condition of such town jails. The plaintiff, however, contends that the town is liable

by the common law for the malfeasance or misfeasance of its officers in permitting this lock up to become so unhealthy. He cites authorities from other states in support of his contention.

This contention seems to make it necessary to again iterate, what has been so often iterated as to become trite, that in this state an incorporated town has two distinct functions, one as a corporation for the particular benefit of its inhabitants, the other as a governmental agency for the general benefit of the public. So the officers appointed by the town may be acting as mere agents of the town in some work for the particular good of its inhabitants, or they may be acting as public officers in the performance of some public duty for the general good. The mere fact that a town has the power or duty to appoint an officer does not make the town pecuniarily liable for his misfeasance or malfeasance in his office, any more than a similar power and duty of the governor makes him pecuniarily liable for the misconduct of his appointees in office. The criterion is in the nature of the duty and power imposed by law on the officer, by whomsoever he is appointed.

In this case the building was not erected nor used for any strictly municipal purpose, but only for the public purpose of aiding in maintaining the public peace and dispensing public justice. Court-rooms and jails are public instrumentalities. The care of them is a public function or duty. Whoever is charged by law with that care is a public officer whether appointed by the town or by the governor. He is not the agent of the appointing power, and that power is not pecuniarily liable for his neglect or misdeeds. Granting it to be the legal duty of the selectmen of Fort Fairfield to care for this lock up and keep it clean and healthy, it is a public duty to be performed for the public, the state, and not for the town. The duty is of the same kind as the duty to care for the public roads, or the public health, or the public order, in which cases it has been held, too often to require citation, that the town is not liable for the neglect or misconduct of its appointees. Everything relating to public order or peace, including police officers, court-rooms and jails, is of state concern, and the duties of towns, and of officers appointed by towns, in

relation to these matters are public duties.   The town is not liable in a civil action in either case unless made so by express statute.

By parity of reasoning the town is not liable for the action of the constable in confining the plaintiff in such an unhealthy place.   The constable though appointed by the town was not its agent.   He was a public officer, as much so as a sheriff.   In the arrest and confinement of the plaintiff he assumed to exercise an authority conferred upon him by the state and not by the town.   He acted in behalf of the state and not in behalf of the town.

The plaintiff suggests another ground for the maintenance of his action, viz: that the town erected and owns the building and has suffered it to become a common nuisance, injurious to persons and property in its neighborhood, and hence the town is liable for maintaining a nuisance the same as an individual who allows his property to become a nuisance.   The plaintiff's action, however, is not based on that ground.   He does not sue for injuries to his property, or to his comfort or health as a resident of the neighborhood, or as a sojourner, or passer by even.   The evidence fails to show that any person or property anywhere outside of the "lock up" itself was in the least harmed, or discommoded, or threatened by its foul condition.   It was not harmful until one went into it.   But for the action of the constable the plaintiff would not have suffered anything from it. The cause of his injury was his confinement by the constable in an unhealthy place.   The foul condition of the lock up was inoperative upon him until then.   The constable was under no compulsion and had no direction from the town to confine the plaintiff there.   He acted upon his own judgment in the execution of a duty imposed upon him, not by the town, but by the state, viz: the safe-keeping of the plaintiff.   The proximate cause of the plaintiff's injury was the action of the constable, a public officer.   The town is not responsible for the consequences of that action.

*Plaintiff nonsuit.*