JOHN WALSH, administrator, *vs.* TURNER CENTRE DAIRYING
ASSOCIATION.

Suffolk.   January 14, 1916. — March 7, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Employer's liability.   *Workmen's Compensation Act.   Elevator.*

If a milk dealer employs a servant to deliver milk on premises not belonging
to the employer or within his control, and such servant is injured by falling
down an elevator well in a building to which he was sent by his employer to
deliver milk, the servant can recover from his employer for such injuries only
by showing that the place was dangerous and that the employer had knowl-
edge or reason to know of the danger and reason to believe that the servant
was ignorant of it.

The provision of St. 1911, c. 751, Part I, § 1, that in an action to recover damages
for personal injury sustained by an employee in the course of his employment it
shall not be a defence, that the employee was negligent, that the injury was
caused by the negligence of a fellow employee or that the employee had assumed
the risk of the injury, has no bearing on what constitutes negligence on the part
of an employer.

TORT by the administrator of the estate of John J. Walsh for
the conscious suffering and death of the plaintiff's intestate on
November 23, 1914, caused by his falling down an elevator well
while in the employ of the defendant when delivering milk in a
building on the corner of State Street and Commerce Street in
Boston.   Writ dated December 5, 1914.

The original declaration contained two counts.   The defend-
ant demurred, the demurrer was sustained and the plaintiff
amended his declaration by adding a third and a fourth count.
The defendant demurred to the third and fourth counts, the de-
murrer was sustained and the plaintiff amended his declaration
by adding a fifth, a sixth, a seventh and an eighth count.   The
defendant then demurred to these counts.   The substance of the
allegations is stated in the opinion.

The case was argued on the last demurrer before *Morton,* J.,
who sustained the demurrer and ordered judgment for the defend-
ants.   The plaintiff appealed.

St. 1911, c. 751, Part I, § 1, is as follows: "In an action to

recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defence: 1. That the employee was negligent ; 2. That the injury was caused by the negligence of a fellow employee; 3. That the employee had assumed the risk of the injury."

*E. M. Shanley,* for the plaintiff.

*A. L. West,* (*A. M. Pinkham* with him,) for the defendant.

PIERCE, J.   The plaintiff has waived the counts numbered one, three, five and seven.   The only question now presented is whether the remaining counts, when considered singly or collectively, state upon well pleaded facts a cause of action in tort for the conscious suffering of the intestate preceding his death.

The facts as stated in one or all of the counts disclose that the intestate was on the day of his injury, November 23, 1914, in the employ of the defendant as a servant to deliver milk as he might be sent on premises not stated to be of the defendant or within its control; that on November 23, 1914, the intestate was sent to deliver milk in a building on State and Commerce streets in Boston; that while so engaged he was precipitated into a certain opening or elevator well in that building of which the intestate was ignorant and of which the defendant knew or should have known by the exercise of due care, and that the defendant was not a subscriber under St. 1911, c. 751, or any act in addition thereto or in amendment thereof.

It is to be observed that no one of the counts states facts from which it may be seen or inferred that the opening or elevator well was dangerous in itself by reason of improper construction, situation, want of safeguarding or absence of light.

Nor are any facts stated from which it may be seen or inferred that the dangers attendant upon its situation or use, if such there were, were not open, obvious and apparent to ordinary even casual observation.

Where the dangerous condition of place or thing is upon the premises of the master, the duty to warn exists as a legal obligation when the danger is not obvious and when the master knows or should know the danger and of the ignorance of the employee. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.   *Pembroke* v. *Cambridge Electric Light Co.* 197 Mass. 477.   If the danger be ob-

vious the master owes no duty to warn, at least unless he should have actual knowledge of the servant's ignorance of the danger.

Where the danger incident to the employment is upon premises of a person other than the master, over which the master has neither right nor power to exercise authority or control, the master owes no duty òther than to warn his servant of the danger if he, the master, has actual knowledge of the dangerous condition and also has reason to believe the servant is ignorant thereof. *Hughes* v. *Malden & Melrose Gas Light Co.* 168 Mass. 395. *Moynihan* v. *King's Windsor Cement Dry Mortar Co.* 168 Mass. 450. *Regan* v. *Donovan,* 159 Mass. 1. *O'Malley* v. *New York, New Haven, & Hartford Railroad,* 210 Mass. 344.

If the danger be open and obvious to the ordinary inspection of the servant, the servant's mere ignorance of the dangerous situation or condition does not enlarge the master's duty. *Gleason* v. *Smith,* 172 Mass. 50.

Demurrers were filed to the several counts allowed in amendment to the count numbered two in the original declaration, collectively taken to be intended to state a single cause of action, specifically pointing out the objections thereto as required by R. L. c. 173, § 14. The plaintiff has not met the specific objections by amendment to his declaration. The final demurrer was therefore rightly sustained, unless within the counts all facts necessary to establish the cause of action intended to be brought are set out with substantial certainty.

Upon the state of facts here disclosed, the plaintiff must allege and prove, not as a matter of form but of substance, that the dangerous place was a situation or condition not actually or constructively obvious to the intestate and that the defendant either had control of the premises upon which the opening or well was or had actual knowledge of the intestate's peril.

The plaintiff's contention is in substance that the defendant's duty and obligation were enlarged by St. 1911, c. 751. But that act takes away some of the employer's defences. It does not transform conduct theretofore lawful on the part of the employer into negligence. *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65.

*Judgment affirmed.*