ELI ARSENAULT *vs.* INHABITANTS OF TOWN OF ANSON.

Somerset. Opinion December 8, 1930.

448

*Merrill & Merrill,* for plaintiff.
*James H. Thorne,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   In this action, the plaintiff seeks to recover damages from the Town of Anson for injuries resulting from the cave-in of a trench in which he was employed on the construction of the extension of a sewer. The case comes forward on a general motion to set aside a verdict for the plaintiff.

Under R. S. (1916), Chap. 22, Sec. 2, in force at the time this action accrued, the authority to construct public drains or sewers along or across any public way is vested, not in the city or town of their location, but in the municipal officers. Authority for such construction must be authorized by the vote of the town and an appropriation made for the purpose. Obviously, the construction of sewer extensions falls within these provisions.

It has long been settled in this state that municipal officers, constructing a sewer pursuant to the statutory authority thus conferred upon them, act not as agents of the city or town but as public officers, for whose torts the municipality is not liable. *Bulger* v. *Eden,* 82 Me., 352; *Gilpatrick* v. *Biddeford,* 86 Me., 534; *Gas Light Co.* v. *Village Corporation,* 92 Me., 493, 495; *Atwood* v. *Biddeford,* 99 Me., 78, 80.

The contention of the learned counsel for the plaintiff that this long-established and frequently reaffirmed rule should be set aside and the view taken by the Massachusetts Court as to the liability of municipalities for negligence in the actual construction of

sewers was considered in *Bulger* v. *Eden*, supra, and the conclusion reached was:

"Nor is this case governed by the principles, enunciated in another class of decisions, where cities and other municipalities have been held chargeable for negligence in the construction of sewers, or other particular works, on account of some provision in their charter or ordinances, — or where authorized by some special statute to construct such works and from which to receive profits as a private corporation might, and when they have, therefore, assumed duties and liabilities by the acceptance of obligations not imposed by general law, as in the case of *Murphy* v. *Lowell*, 124 Mass., 564; *Emery* v. *Lowell*, 104 Mass., 15; *Child* v. *Boston*, 4 Allen, 41, 52; *Merrifield* v. *Worcester*, 110 Mass., 218; *Oliver* v. *Worcester*, 102 Mass., 500. And see also *Hill* v. *Boston*, 122 Mass., 358, 359; *Tindley* v. *Salem*, 137 Mass., 172; *Bigelow* v. *Randolph*, 14 Gray, 543."

The cases cited include or are the supporting authority for those relied upon by the plaintiff.

The conclusions of this court upon this question have been based upon a construction of the statute. Decisions from other jurisdictions, founded upon the common law or a local statute or ordinance, are not precedents for a reversal of the rule of *Bulger* v. *Eden*, nor does reason or logic convincingly demand it.

It not appearing that the Town of Anson has assumed any responsibility as to the construction of the sewer in which the plaintiff was injured, beyond authorizing its construction and appropriating money therefor, the verdict against the Town was contrary to law, and other questions open upon the motion need not be considered.

*Motion granted.*
*New trial ordered.*