RICHARD PALMER *vs*. INHABITANTS OF THE TOWN OF SUMNER.

Oxford.     Opinion, March 11, 1935.

*Franklin Fisher*, for plaintiff.
*Albert Beliveau*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   Action on the case for personal injuries, based on the Workmen's Compensation Act (see Chapter 55, R. S. 1930,

and amendments thereto) and before this Court on the following agreed statement of facts:

"1. That at the time the plaintiff received the injuries complained of John F. Redding was the duly appointed and qualified Road Commissioner for the Town of Sumner.

"2. That the said John F. Redding in his capacity as Road Commissioner for said Town of Sumner hired the plaintiff, Richard Palmer, to take charge of the construction of the road on Potash Hill in said Town.

"3. That said plaintiff, Richard Palmer, worked on said road with five other employees of said Town and had full and complete charge of said operation.

"4. That the defendants did not vote to accept the provisions of Chapter 55 of the Revised Statutes and was not an assenting employer under said Division 3, Section 2, of Chapter 55 of said Revised Statutes.

"5. That the plaintiff seeks to maintain his action on the theory that the plaintiff was an employee of the defendant under the provisions of Chapter 55 of the Revised Statutes and that said chapter changed the law relating to master and servant so as to give the plaintiff a right of action against the defendants for their torts in an accident arising out of and in the course of the employment of the plaintiff if the defendants did not accept said statute and deprived the defendants of certain common law defenses if they did not accept the statute.

"6. The defendants contend that said action cannot be maintained because the said defendants have not voted as a town to accept the provisions of Chapter 55, and because in the construction of said road on Potash Hill the Selectmen and Road Commissioner were acting not as agents of the Town of Sumner but as public officers for whose torts the said defendants are not liable.

"7. That if the Law Court should sustain the plaintiff's contention as described in paragraph 5 above then the case is to be sent back for trial. If the Law Court on the other hand sustains the defendants' contention judgment is to be for the defendant.

"8. The plaintiff's writ and the defendants' pleadings are made a part of this case."

The plaintiff seeks recovery only by reason of said statute. His counsel frankly admits that at common law he has no right of action because at the time of the accident, as an employee of the Town, he was engaged in the performance of work not for the benefit of the Town, as a proprietor, but for the public; the Road Commissioner in employing him not having acted as a servant or agent of the Town but as a public officer for the benefit of the State.

"These two phases of character presented by the decisions, and the peculiar liabilities in reference to the different capacities of officers, whether as agents of the town, or public officers, are fully recognized and established in this and other States. As to the first, may be noted, *Anthony* v. *Adams*, 1 Met., 284; *Seele* v. *Deering*, 79 Me., 347, 10 A., 45; *Hawks* v. *Charlemont*, 107 Mass., 414; *Deane* v. *Randolph*, 132 Mass., 475; *Waldron* v. *Haverhill*, 143 Mass., 582, 10 N. E., 481; *Doherty* v. *Braintree*, 148 Mass., 495, 20 N. E., 106. As to the second, *Small* v. *Danville*, 51 Me., 359; *Mitchell* v. *Rockland*, 52 Me., 118; *Cobb* v. *Portland*, 55 Me., 381; *Woodcock* v. *Calais*, 66 Me., 234; *Farrington* v. *Anson*, 77 Me., 406; *Bulger* v. *Eden*, 82 Me., 352, 19 A., 829; *Goddard* v. *Harpswell*, 84 Me., 499, 24 A., 958, and many other cases." *Bryant* v. *Westbrook*, 86 Me., 450, 452, 29 A., 1109, 1110.

Among other later Maine cases noting the distinction in the capacities aforesaid may be cited: *Mains* v. *Inhabitants of Fort Fairfield*, 99 Me., 177, 59 A., 87; *Keeley* v. *Portland*, 100 Me., 260, 61 A., 180; *Tuell* v. *Inhabitants of Marion*, 110 Me., 460, 86 A., 980; *Dyer* v. *South Portland*, 111 Me., 119, 88 A., 398, 399; *Inhabitants of Rumford* v. *Upton*, 113 Me., 543, 95 A., 226; *Graffam* v. *Town of Poland*, 115 Me., 375, 99 A., 14; *Woodward* v. *Water District*, 116 Me., 86, 100 A., 317; *Arsenault* v. *Inhabitants of Town of Anson*, 129 Me., 447, 152 A., 627; *Anderson, Admx.* v. *City of Portland*, 130 Me., 214, 154 A., 572; *McKay Radio & Telegraph Co.* v. *Inhabitants of the Town of Cushing*, 131 Me., 333, 162 A., 783. An examination of these cases and others not

cited will show conclusively how firmly imbedded in the common law of Maine has become this principle that ". . . towns, which are merely sub-divisions of the State, are not in general liable for the defaults or negligence of their agents and servants in the performance of municipal or public duties which they perform as agencies of the State, unless the liability is created by statute. *Mitchell* v. *Rockland*, 52 Me., 118; *Frazer* v. *Lewiston*, 76 Me., 531; *Bulger* v. *Eden*, 82 Me., 352." *Dyer* v. *South Portland*, supra, on page 120.

It may be observed that several of the decisions in the above cited cases follow the enactment of the Workmen's Compensation Law in 1915.

The question, then, is: Does this statute establish in this case a right of recovery when admittedly there was none at common law?

"It is not to be presumed that the Legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention. . . . The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." 25 R. C. L., Section 280, page 1054; *Ryalls* v. *Mechanics Mills*, 150 Mass., 190, 22 N. E., 766; 5 L. R. A., 667; *State* v. *Central Vermont R. Co.*, 81 Vt., 459, 71 A., 193, 21 L. R. A. (N. S.), 949.

"Statutes are not to be understood as effecting any change in the common law beyond that which is clearly indicated, either by express terms or by necessary implication from the language used. . . ." 59 C. J., Sec. 617, page 1040.

"It is not presumed that the legislature intended to make any innovation upon the common law further than the necessity of the case required. In other words, statutes in derogation of it, and especially of a common-law right, are strictly construed, and will not be extended by construction beyond their natural meaning." Sutherland on Statutory Construction, Sec. 290, page 374.

The plaintiff's contention is not that the Act expressly but impliedly changes the common law and creates his cause of action. He urges that he is an employee within the specific terms of the Act and likewise that the defendant is an employer within its meaning, although it is not claimed (and the contrary is the fact) that the Town ever became an assenting employer. Assuming, however, that these contentions of the plaintiff as to employment are well founded, yet by no means does it necessarily follow that this Act has created for the plaintiff this right of action and thus changed the common law. Had the Town assented to the Act, the plaintiff would have had his right of compensation, because, in such an event, the Act expressly provides the remedy for compensation. Not assenting, however, he has no statutory right of action, "unless the language employed clearly indicates such an intention." The plaintiff relies particularly on Section three of the Act, which provides:

"In an action to recover damages for personal injuries sustained by an employee by accident arising out of and in the course of his employment, or for death resulting from such injuries, it shall not be a defense to an employer, except as hereinafter specified, (a) that the employee was negligent; (b) that the injury was caused by the negligence of a fellow employee; (c) that the employee has assumed the risk of the injury." Sec. 3, Chap. 55, R. S. 1930.

The action mentioned in this section, we interpret the statute to mean, that which has existence at common law, so if one having a common-law right of action pursues it against a non-assenting employer, the employer can not defend on the grounds of contributory negligence, negligence of a fellow-employee, or assumption of risk of injury by the employee. Such an employee, although benefited by the taking away of the defenses enumerated, must still prove negligence upon the part of employer, and, proceeding at common law, prove his common-law right of recovery. The statute purports only to rid the non-assenting employer of certain named defenses and it was not the intention of the Legislature, as we view it, in addition to taking away those defenses, to establish a statutory right of recovery based only on the fact that the employee

sustained injuries "by accident arising out of and in the course of his employment."

It is to be noted that this defendant Town as to this particular work engaged in by this plaintiff was not really the ultimate employer. While it is true it employed the plaintiff, yet the employment was for the benefit of the public at large, the State, and in accordance with the performance of a duty, statutably imposed upon the Town as a political sub-division of the State. A town compelled by statute to contract for such employment for the benefit of the public at large and not alone for its constitutents, should not in the absence of clear and specific legislation be held liable for injuries received by such an employee nor be denied its common-law right of defense. To construe said statute so that it be held that it establishes such a right of action, would effect a radical change in the common law, not, in our judgment, contemplated by the Legislature. Said Section 3 in its effect is negative, not positive; destructive, not constructive. Its only effect is to abolish certain defenses, not to create a new right of action where there was none at common law.

"The plaintiff's contention is in substance that the defendant's duty and obligation were enlarged by St. 1911, c. 751." (The Massachusetts Statute is practically identical with said Section 3.) "But that Act takes away some of the employer's defenses. It does not transform conduct theretofore lawful on the part of the employer into negligence. *Ashton* v. *Boston & Maine Railroad,* 222 Mass., 65, 109 N. E., 820." *Walsh* v. *Turner Centre Dairying Assn.,* 223 Mass., 386, 388, 111 N. E., 889, 890.

"The Workmen's Compensation Act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from that statute would impose no liability upon him." *Mammott* v. *Worcester Consolidated Street Railway Co.,* 228 Mass., 282, 284, 117 N. E., 336.

While *Hare* v. *McIntire,* 82 Me., 240, 19 A., 453, dealt not with the interpretation and construction of the Workmen's Compensa-

tion Act, yet its reasoning tends strongly to support our conclusion in this case. In that case, the plaintiff, injured in a quarry, sued his fellow-employee and based his right of recovery on the statute therein quoted on page 242 and which provided that in case of inability of the fellow-employee to pay or his avoidance of payment by the poor debtors' oath after judgment and execution, that the owner of the quarry should be liable. At common law, there could be no such recovery against the owner of a quarry, for negligence of the fellow-employee was a legal defense. By that statute, a right of action was created in favor of "all persons or teams (that may be) approaching" and the question was whether the plaintiff employee was one included in the words of the statute, "all persons." The Court held that he was not, and on page 243 said:

"Moreover, if the real intention of these provisions, derived from their language alone, left any doubt on this question, it is entirely removed by the further consideration that the other construction would make it in derogation of the common law; and to warrant such a result the intention should be clearly expressed. *Dwelly* v. *Dwelly*, 46 Me., 377 ; *Carle* v. *Bangor & Pisc. Canal & R. R. Co.*, 43 Me., 269. . . . But if the statute in question is intended to include workmen in quarries, then this long established salutary rule of the common law is thereby reversed; for the statute expressly makes the employers liable for an injury occasioned by the negligence of a fellow-servant if the one who causes it is unable to pay or avoids. If such a radical change of the law governing the duties and liabilities of employers to their employees has been in the mind of the legislature, we think the law-makers would have clearly and directly expressed such intention; . . ."

In *Robinson's Case*, 131 Mass., 376, the question was whether an unmarried woman was entitled to be examined for admission as an attorney to practice law by virtue of a statute that provided that "a citizen . . . may, on the recommendation of an attorney, petition the Supreme Judicial or Superior Court to be examined for admission as an attorney, . . ." The Court held she was not so

entitled, although "The word 'citizen' when used in its most common and most comprehensive sense, doubtless includes women.; . . ." Chief Justice Gray said:

"The intention of the Legislature in enacting a particular statute is not to be ascertained by interpreting the statute by itself alone, and according to the mere literal meaning of its words. Every statute must be construed in connection with the whole system of which it forms a part, and in the light of the common law and of previous statutes upon the same subject. And the Legislature is not to be lightly presumed to have intended to reverse the policy of its predecessors or to introduce a fundamental change in long established principles of law."

In this case, the Legislature by the Workmen's Compensation Act has not evinced an intention by language either express or implied to change this "long established" principle of common law and thus create a statutory right of action herein available for this plaintiff.

"It is hardly necessary to add that our duty is limited to declaring the law as it is, and that whether any change in that law would be wise or expedient is a question for the legislative and not for the judicial department of the government." *Robinson's Case*, supra, page 384.

Our decision, then, sustaining the defendant's contention, "judgment" in accordance with the stipulation in the agreed statement of facts "is to be for the defendant."

*Judgment for defendant.*